JUDGE PRYOR
delivered the opinion op the court.
Crawford & Myers, having a judgment in the Greenup Circuit Court for one hundred and forty-two dollars, with interest and costs, against William Alexander, to pay which the judgment directed the sale of certain property therein stated, including three head of oxen of the alleged value of one hundred and eighty dollars, the appellee, Woodworth, asserting some claim to the oxen, filed his petition in equity against Crawford & Myers enjoining them from selling them as directed by the judgment, and gave as sureties on the injunction bond his co-appellees, Partlow & Thompson. The *746 injunction was dissolved, and the present action instituted by Crawford & Myers and Williams, to whom Crawford had assigned his interest in the judgment upon the injunction bond, to recover damages, etc. A general demurrer filed by the appellees to the petition was sustained by the court below, and the appellants, electing to stand by their petition, have brought the case to this court.
The covenants contained in the writing declared on are ample to secure the appellants in the damages they may have sustained. The appellee undertakes to satisfy and perform the judgment rendered against the parties in the original action to the extent it has been enjoined in the event the injunction is dissolved, etc., and also such costs and damages as may be sustained by reason thereof. The plaintiffs fail to allege in their petition on this bond the non-payment by the defendants of the judgment enjoined. They are seeking to recover of the appellee, by reason of the stipulations of the covenant, an amount of money due by a third party, and in such a case it is essential to allege that the person who is the real debtor has never paid it.
The only question in the case of any importance arises upon the construction given by the court below to section 325 of the Civil Code. That section provides “that upon the dissolution of an injunction in whole or in part the damages shall be assessed by the eowrt, and for that purpose the court may hear evidence, and at its discretion may have a jury impaneled to find damages. Where money is enjoined, the damages may be at any rate per cent on the amount released by the dissolution not exceeding ten per cent; and where the delivery of property has been delayed by the injunction, the value of the use, hire, or rent thereof shall be allowed, judgment shall be rendered against the party who obtained the injunction for the damages assessed, and the assessment shall be conclusive against the surety of such party.”
*747 The amount of money or value of the property enjoined is not estimated in determining the question of damage on the dissolution, as that liability is already fixed by the original judgment. The court is called upon to ascertain only the special damage sustained by reason of the injunction.
Where the collection of a judgment for money has been enjoined, the damages awarded on the dissolution can not exceed ten per cent on the amount; and if the. delivery of property has been delayed, the inquiry is confined to the value of its use, or the rent, etc.
This mode of proceeding is not merely cumulative, but is the only remedy afforded a party for recovering special damages upon the dissolution of an injunction; and, as conclusive of this question, the language of the section is not only that the court shall assess the damages, but this assessment is made conclusive against all the obligors in the bond, including the surety.
This rule of construction applies to the form of bond prescribed by section 308 of the Code, under which this bond seems to have been given, and also to the form required by an amended act approved February 15, 1866. (See Code of Practice, page 91.) By the amendment referred to the bond to be given for the purpose of staying proceedings upon a judgment or final order must be to the effect “that the party obtaining the injunction will pay to the party enjoined such damages as he may sustain, if it is finally decided that the injunction ought not to have been granted.”
The party against whom the injunction has been obtained must by motion have the damages assessed at the time the injunction is dissolved, and upon his failure to do so, or the court to inquire of damages, the recovery, where the action is on the bond as required by the amendment approved February 15, 1866, must be confined alone to the amount of the judgment (with interest) enjoined, if for money, when the same can not *748 be made out of the judgment debtor, or for the value of the property for which the judgmexxt was obtained, ixx the event it is ixot fox’thcoming to satisfy the judgment.
Where the bond has been executed, as in this case, not in accordance with the amendment referred to, but under the section as originally adopted, the obligor undertaking directly to pay the judgmexxt, the obligee may proceed at once to recover the full amouxxt of the judgment, although the original debtor may be solvent, for the reason that there is a special agreement to pay it.
It is xnaintained, however, that the judgment of the court below should be reversed for the reasoxx that the appellaixts were at least entitled to their costs sustained in the action by reasoix of the injunction. The recovery to this extent could not be questioned, if the petition was not defective in this regard also. It is alleged that the appellees have failed to pay the costs accruing in consequence of the injunction, but for what amouixt is not stated. The allegation that the costs in the action upon which the injuixction was obtained amounted to texx dollars does not authorize a recovery for that sum unless it appears that these costs resulted by reason of the injunction. The statement in the present action, “that the petition was dismissed and defendants recovered judgment for their costs — viz., the suxn of $10.55 ” — should be construed to mean the costs of the action in which the injxxnction issued. If this meaning was even doubtful, the rule requiring pleadings to be construed mox’e strongly against the pleader must govern, and particularly when the pleader has lost sight of his x’eal cause of action and can only insist that he is in court upon the question of costs. (Glen v. Clayton’s adm’r, MS. Opinion, May 28, 1873.).
The petition presenting no cause of actioD, the judgment must be affirmed.