JUDGE ELLIOTT
delivered the opinion op the court.
This appeal is from a judgment in a suit upon an injunction-bond. It appears that some years ago the appellee Estes brought suit against appellant, in which he alleged that appellant had entered on his land and cut down his timber-trees, and cut the timber into raft-logs, and was about to run them to market; and having executed an injunction-bond, he obtained an injunction enjoining the appellant from, removing the timber already cut, and restraining any other waste, etc., to his premises.
On the trial of that suit the injunction was dissolved, and Estes adjudged to pay the cost; and this suit is brought on the injunction-bond to recover damages for the injury sustained by reason of the injunction, and the court gave the jury a peremptory instruction to find for the appellees.
The court doubtless was of opinion that under section 325 of the Civil Code of Practice, no recovery could be had upon the injunction-bond unless, when the injunction was dissolved, the damages had been assessed and fixed by the court; but by a careful scrutiny of that section it will be seen that the court is not required to assess the damages, except “ upon the *430 dissolution, in whole or in part, of an injunction to stay proceedings upon a judgment or final order.”
As therefore the injunction in the case of Estes, &c. v. Rankin was sued out, not “to stay proceedings upon a judgment or final order,” but to restrain the commission of waste, and the cutting of timber, and removing it from the complaining party’s premises, we are of the opinion that no assessment of damages, on the dissolution of the injunction by the court, was necessary in order to vest in the appellant a cause of action for such damage as he sustained by reason of the injunction sued out by Estes, &c.
Wherefore the judgment, is. reversed, and cause remanded for further proceedings consistent with this opinion.