M. E. SPRAY *v.* JOHN WRIGHT.

Assessment of damages on injunction bond.

Upon an injunction being dissolved because wrongfully granted it is the duty of the court in a proper case to assess the damages under such bond and the assessment of such damages is conclusive against all the obligors in the bond including the surety.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 10, 1884.

OPINION BY JUDGE HOLT:

We think the point referred to in petition for rehearing "as must be relied on for reversal" was alluded to in the opinion, because it was decided that "By the provisions of section 295 of the Code the court was authorized to assess the damages." This the court could not have decided without considering the arguments advanced for appellant as to why it was not within the power of the court to award the damages. But to give the reasons of the court for so deciding may be more satisfactory.

The injunction in this case was sued out February 15th, 1876, and bond given same day, so this action is to be determined by section 325 of the Code of 1854 and not by section 295 of the New Code. (See section 837 of New Code.) But whether by the one or the other it can make no difference as both sections are essentially the same, the changes being in words only, not in sense. And the same may be said as to the provisions of the Code as to the form of the bond to be given before the injunction is issued.

In the case of *Crawford v. Woodworth, &c.,* 9 Bush 747, the Court of Appeals after quoting section 325 of the old Code, and after comments as to the duty and power of the court in assessing damages on the dissolution of an injunction says:

"This mode of proceeding is not merely cumulative, but is the only remedy afforded a party for recovering special damages upon the dissolution of an injunction; and, as conclusive of this question, the language of the section is that not only shall the court assess the damages, but their assessment is made conclusive against all the obligors in the bond, including the surety."

In that case the party enjoined an order or judgment directing the

sale of certain personal property to which he claimed he was entitled or in which he had an interest.

In this case the property had been sold, the sale confirmed and an order entered directing a writ to issue to put the purchaser into the possession. The cases are similar in principle. In the one case the officer took possession before selling, being personal property. In that case the court awaits the sale and confirmation before ordering the possession to be delivered. In both that and this case the injunction was to restrain the officer from executing the order for the possession which in one case went before and the other follows the sale.

Moreover it will be observed that by both sections 325 of the Code of 1854 and section 295 of the Code of 1877 it is provided:

"And where the delivery of property has been delayed by the injunction, the value of the use, hire or rent thereof shall be assessed."

In this case the object was to keep the party out of the possession of property under a final order for its possession, and even if admitted that the injunction was to restrain the execution of the writ, if the injunction prevented the party getting the possession of the property it was the duty of the court to assess the value of the rent.

The petition for the injunction is not a part of the transcript before us nor in the order of injunction, nor does it appear that there was any objection made to the court assessing the damages. But the latter is not material as the failure to object would not be waived if in law the court had no jurisdiction to assess.

The petition is overruled.

*Little & Slack, for appellant.*

*G. W. Ray, for appellee.*