## GREER V. STEWART ET AL.

INJUNCTION: *Damages on dissolution.*

Upon the dissolution of an injunction to restrain the commission of a trespass, the court has no right to assess the damages accruing from the injunction. They must be recovered in another action, if at all.

APPEAL from *Jefferson* Circuit Court, in Chancery.

Hon. JOHN A. WILLIAMS, Judge.

*W. R. Coody* and *W. E. Hemingway,* for appellant.

We submit that a court of chancery has no legal or constitutional power to summarily assess damages, upon the dissolution of an injunction in a case like this. The statute seems to limit the power of the courts to special cases, and unless this falls within the purview of the power conferred by the statute, we contend that the court had no jurisdiction. It provides that when the injunction is obtained, "to stay *proceedings* upon a *judgment* or *final order,*" the court *shall,* upon a dissolution of the injunction, assess the damages, giving the rules by which it is to be done. If money is enjoined, 10 per cent. on amount released. If delivery of property is delayed, then the value of the use, hire or rent thereof. *Mansfield's Digest, secs. 3765–6; Moore v. Granger, 30 Ark., 574; Coblentz v. Wheeler & Wilson Manf'g Co., 40 Ark., 180; 40 Ark., 487.*

Now this statute must be construed as a whole, and the power to assess damages only extends to injunctions affecting the execution of judgments and final orders of courts. Thus, if property of any kind has been adjudged to a party, and ordered to be delivered to him, and an injunction is obtained which *delays the delivery,* then, and in that event only, can the court assess as damages the value of

the *use*, *hire* or rent of the property, the delivery of which is delayed by the injunction. This statute was engrafted upon our law by the Code of 1868, and gives the rules and jurisdiction for the assessment of damages in such case, and seems clearly to confine it to cases when the rights of the parties have been settled by the judgment or final order of a court of competent jurisdiction. *40 Ark., 509–10; 41 ib., 530–1.* See, also, *37 Ark., 624; 33 ib., 321.*

*M. L. Bell*, for appellees.

The statute provides that upon the dissolution of an injunction the damages shall be assessed by the *court*, and the case may well be continued to the hearing for assessment. *Mansfield's Digest, sec. 3763.*

While the statute provides that the assessment shall bind the sureties on the bond, it also provides that the sureties shall be liable for all damages that the defendant may become entitled to, if it is finally decided that the injunction ought not to have been granted. *Mansfield's Digest, sec. 3741.*

As to the question of jurisdiction, the learned counsel make quite an ingenious argument on the construction of the statute; but it is submitted that the statute covers all other injunctions; if not, why not?

The case of *Moore v. Granger, 30 Ark., 574,* only shows that the Supreme Court would not disturb the discretion of the court below.

In *Coblentz v. Wheeler & Wilson Manf'g Co., 40 Ark.,* the only point decided is that the circuit court should not have rendered judgment on dissolution for the amount of the judgment enjoined in the court below, but only for the damages, not exceeding 10 per cent.

In *Saunders v. Puckett, 40 Ark., 509,* the court only de-

cided that the judge in vacation could dissolve an injunction granted in vacation, but could not assess damages, as this could only be done by the court.

Can a court of chancery, on the dissolution of an injunction, assess the damages? The statute is very plain, unless it is restricted in its meaning, as the appellant's counsel are endeavoring to do.

There is no case referred to by plaintiff in this case that touches directly this point. The only case that may settle the question is *Bayliss v. Gibson, 29 Ark., 472*.

BATTLE, J. On the 26th day of January, 1882, the appellant, G. B. Greer, filed a complaint in the Jefferson circuit court, and therein alleged, among other things, that on the 14th day of February, 1881, he leased to the appellee, Israel Stewart, his plantation in Jefferson county, known as the Watkins & Greer place, for a term of four years next succeeding, including 1881, for an annual rental of $2500, payable on the 1st day of December of each year; that by the terms of the lease, if the lessee failed to pay rent at maturity, the lessor might, at his option, terminate the lease and take possession of the demised premises; that Israel Stewart forfeited the lease by his failure to pay the rent due on the 1st day of December, 1881; that thereafter he had taken possession of the place, and that defendant, Israel Stewart, and his agents, were constantly entering upon the land, threatening and annoying tenants, and greatly damaging appellant in the enjoyment thereof; and asked among other things that defendant, his agents, attorneys and employes, be restrained and enjoined from further interfering with the possession of appellant, his tenants and laborers, in the renting, operating and cultivating of the place. A temporary restraining order in

Greer v. Stewart et al.

accordance with the prayer of the complaint was issued and served.

On motion of defendant, Israel Stewart, the court dissolved the temporary injunction on the 30th day of June, 1882, reserving until the final hearing the questions as to damage, restoration of possession and forfeiture of lease.

On the 10th day of January, 1885, plaintiff moved the court to dismiss the action, the time of the lease having expired. This motion was never acted upon by the court.

On the 25th day of May, 1885, the action proceeded to a final hearing. The court found that when the restraining order was served, Israel Stewart had assigned the lease to D. W. Stewart; that D. W. Stewart was then in possession of the lands, but was put out; that appellant had been in possession ever since; that D. W. Stewart was damaged in the sum of $300 for each of the last three years of the lease, and decreed accordingly.

INJUNCTION Assessment of damages. In the absence of legislative authority a court of equity will not, upon dissolving an injunction, enforce the payment of damages in the original cause, but will remit the parties to their action upon the bond or action at common law.

In *Marshall v. Green*, *24*, *Ark.*, *411*, this court held that damages on the dissolution of an injunction could only be awarded by the court in the original cause, under the statutes then in force when money is enjoined, "and then on the amount released by the injunction;" and that the suit not being to enjoin the collection of a debt generally, but only to prevent the sale of particular property for payment of it, damages should not have been awarded by the court below, in that action on dissolving the injunction.

In *Phelps v. Foster*, *18 Ill.*, *309*, Mr. Justice Caton, delivering the opinion of the court, says: "I have with considerable reluctance come to the conclusion that the court

exceeded its power in awarding damages to the defendant against the complainant. Except in the case of an injunction to restrain a judgment at law, I can find no warrant in the statute for awarding damages upon the dismissal of an injunction bill, and I cannot find authority for sustaining it in the English court of chancery. The general principles of equity jurisdiction are against it. It is granting affirmative relief to the defendant without a cross-bill, and when the pleadings do not justify it. I regret that it is so, for I think this power almost indispensable as a check upon the too free and dangerous use of this writ, which is liable to great abuse, unless the greatest circumspection is used by those invested with the high power of awarding it, which, I regret to say, has not always been the case." See *High on Injunctions*, *2d Ed*, *secs. 1648*, *1657*, and authorities cited.

The only statute of this state authorizing the court to assess damages, upon the dissolution of an injunction, reads as follows :

"Sec. 3763. Upon the dissolution, in whole or in part, of an injunction to stay proceedings upon a judgment or final order, the damages shall be assessed by the court, which may hear the evidence and decide in a summary way, or it may, at its discretion, cause a jury to be impaneled to find the damages.

"Sec. 3764. When money is enjoined, the damages may be at any rate per cent. on the amount released by the dissolution which, in the discretion of the court, may be proper, not exceeding 10 per cent.

"Sec. 3765. When the delivery of property has been delayed by the injunction the value of the use, hire or rent thereof shall be assessed.

"Sec. 3766. Judgments shall be rendered against the party who obtained the injunction for the damages assessed, and

the assessment shall be conclusive against the surety of such party."

This statute is the same as section 325 of Myer's Kentucky Code of Practice, and was originally section 320 of the Civil Code of Practice of this state. Under section 325 of the Kentucky Code, the Court of Appeals of Kentucky held that, "it is only in cases where proceedings on a judgment have been stayed by an injunction that the chancellor immediately on the dissolution, is empowered to ascertain the damages and to render a judgment for them, and that in all other cases the remedy is on the injunction bond." *Rankin v. Estes, 13 Bush, 428; Logsden v. Willis, 14 Bush, 183.*

In this case the payment of money was not enjoined, nor the delivery of property delayed by the injunction. The statute set out in this opinion is not applicable to cases like this. Under no reasonable construction that could be placed on it, did the court below have the right to assess the damages suffered by reason of the injunction in this action.

The term for which appellant had leased his place to appellee having expired before the final hearing, there remained nothing in the case on which appellees could insist. If they, or either of them. are entitled to damages, he or they must recover them in another action, if at all.

The appellant having filed a motion to dismiss the action it should have been granted.

The decree of the court below is therefore reversed, and judgment will be entered here dismissing the action, and for the costs of the court below against the appellant; and for the costs incurred in this court against the appellees.