# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY,

## JANUARY TERM, 1889.

Case 1—PETITION EQUITY—June 15, 1889.

## Hayden's Adm'r v. Phillips' Adm'r.

APPEAL FROM NELSON CIRCUIT COURT.

1. THE COURT MUST ASSESS THE DAMAGES UPON THE DISSOLUTION OF AN INJUNCTION to stay proceedings on a judgment in order to authorize a recovery on the injunction bond, the remedy given by section 295 of the Code being exclusive of all other remedies. The party is without remedy for such damages as are not covered by that statute. The statute is broad enough, however, to cover damages resulting from waste, provided the conditions of the bond cover such damages.

2. SAME.—Where the court renders judgment for the defendant's costs upon the dissolution of the injunction an action may be maintained on the injunction bond therefor, the costs being an element of damages covered by the bond.

JOHN A. FULTON FOR APPELLANT.

1. On the dissolution of an injunction to stay the execution of a judgment there must be an assessment of damages by the court in order to; authorize a recovery on the injunction bond. (Civil Code, sec. 295

Crawford v. Woodworth, 9 Bush, 747; Rankin v. Estes, 13 Bush, 428; Logsden v. Willis, 14 Bush, 183.)

2. If there can be any recovery on the bond, it is limited to the time when the temporary injunction was made perpetual by final judgment of the lower court. (Reading v. Davis, 6 Ky. Law Rep., 661; New Nat. Turnpike v. Dulaney, 8 Ky. Law Rep., 530; Sutherland on Damages, vol. 2, p. 78; Weber v. Wilcox, 45 Cal., 301; High on Injunctions, vol. 2, p. 1034 1636.)

JOHN D. WICKLIFFE FOR APPELLEE.

1. Section 295 of Civil Code applies only when the assessment of damages is on a judgment for money, or the rent of real estate, or hire or use of other property. Damages of every other character must be obtained by suit on the bond.

2. Any other construction of sec. 295 of Code would render it unconstitutional, because it would deprive a party of the right to be heard and of a trial by jury. (Hughes v. Hughes, 4 Monroe, 43; Gullion v. Boulware, Sneed, 76; Rankin v. Estes, 13 Bush, 429; Crawford v. Woodworth, 9 Bush, 745; Pugh's Adm'r v. White, &c., 78 Kentucky.)

3. Two or more causes of action may be united if each could be prosecuted by the same kind of action, and an objection to misjoinder can only be reached by motion to elect. (Civil Code, secs. 83, 85; 1 Met., 242; 4 Bush, 446; 13 B. M., 341.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee's intestate obtained a judgment against Joseph Queen for the recovery of the possession of a house and lot. The said Queen instituted an action against the intestate and sheriff, who had the writ of possession in his hands for execution, to enjoin them from proceeding to enforce the judgment. A temporary injunction, upon the execution of a bond with the appellant's intestate as surety, was granted, enjoining the appellee's intestate from proceeding to execute the writ of possession until the further orders of the court. The bond contained a covenant to pay the appellee's intestate such damages as she might sustain, if it should be finally decided that the in-

junction ought not to have been granted. The injunction was finally dissolved, but the judge, upon the dissolution, did not assess damages for the wrongful suing out the injunction. Thereafter, the appellee's administrator brought this action upon the bond to recover the rent of the house and lot during the pendency of the injunction, and to recover damages for waste committed by Queen during said time. The trial resulted in a judgment for the appellee in the sum of twelve hundred dollars for rent and damages.

The appellant's contention is, that under section 295 of the Civil Code this action can not be maintained on the injunction bond. Said section is as follows:

"Upon the dissolution, in whole or in part, of an injunction to stay proceedings upon a judgment, the damages shall be assessed by the court, which may hear the evidence and decide in a summary way, or may, at its discretion, cause a jury to be impaneled to find the damages. If the collection, payment, or use of money be enjoined, the damages may be any rate per cent. on the sum released by the dissolution which, in the discretion of the court, may be proper, not exceeding ten per cent.; and, if the delivery of property have been delayed by the injunction, the value of the use, hire or rent thereof shall be assessed; judgment shall be rendered against the party who obtained the injunction for the damages assessed; and the assessment shall be conclusive against the surety of such party."

Section 325 of the old Code was the same as the section of the present Code above quoted. This court, in the case of Crawford v. Woodworth, &c.. 9 Bush,

747, held that the mode of proceeding pointed out by said section was not merely cumulative, but was the only remedy afforded a party for recovering special damages upon the dissolution of an injunction; and the court treated as conclusive of the question that said mode was the only and exclusive remedy, the fact that the court should not only assess the damages, but the assessment was made conclusive against all the obligors in the bond, including the surety. It was also held that the party against whom the injunction had been obtained must, by motion, ask that damages be assessed at the time the injunction was dissolved. Subsequently, in the cases of Rankin v. Estes, &c., 13 Bush, 428, and Logsden v. Willis, 14 Bush, 183, the Crawford case was approved. It may now be regarded as settled that the remedy given by section 295 of the Code for the assessment of special damages upon the dissolution of an injunction, enjoining proceedings on a judgment, is exclusive of all other remedies.

But it is said that, as the injunction bond is broad enough to cover damages for waste, and as the remedy given by section 295 is confined to the value of the use, hire or rent of the property, the injured party will be without remedy for waste committed by the party enjoining, unless he can maintain an action on the bond to recover for such damages.

This contention is plausible; but it will be seen by a moment's reflection that splitting causes of action so as to have one pending on motion before the court, and the judgment thereon conclusive on all the parties, including the surety, and the other pending by action

against the same parties, before the same court, would be the result of this contention.   Splitting causes of action so as to have two or more actions growing out of the same thing is abhorred, and is never allowed either at law or in equity ; and it is not to be presumed that the Code authorizes such thing ; but such authority must be expressly given, or be so clearly implied, as to be tantamount to an express authority ; as no such authority is given, it must be presumed that the remedy given by said section is all the remedy that the party is entitled to.   We do not decide that the remedy given by said section is not broad enough to cover damages for waste, provided damages resulting from waste constitute an element of recovery provided for by the bond ; and, as said section does not allow the splitting of causes of action so as to proceed by motion for one set of damages, and by action on the bond for another set, it is clear that it was intended to allow the court, upon motion, to assess all the damages that the conditions of the bond cover ; and if it be true that damages resulting from waste are such as the party has sustained by wrongfully obtaining the order of injunction, and the conditions of the bond cover such damages, there is no good reason why the court, upon the dissolution of the injunction, should not assess such damages ; for, if the conditions of the bond cover such damages, there is no good reason for confining the court's inquiry to the value of the legitimate or proper use of the property ; but its inquiry should be extended, the conditions of the bond authorizing it, to any waste or destruction of the property.

It appears that the court, at the time the injunction was dissolved, rendered judgment for the appellant's costs; and, as the appellant's costs are an element of damages covered by the bond, and as judgment, at the time of the dissolution of the injunction, was rendered for the costs, the appellant is liable for them on the injunction bond.

The judgment is reversed, with directions to grant the appellant a new trial, and to sustain the demurrer to the petition, except as to the costs, and for further proceedings consistent with this opinion.