STANLEY V. BONHAM.

1. CURTESY: *Right of subject to execution.*

   A husband's right of curtesy in the statutory separate estate of his deceased wife is subject to execution for the payment of his debts.

2. INJUNCTION: *Damages on dissolution of.*

   Sections 3763, 3765, Mansf. Dig., providing for the assessment of damages on "the dissolution of an injunction * * * to stay proceedings upon a judgment," apply only to cases where the enforcement of the judgment is enjoined. An injunction to prevent the sale of particular property is not within the meaning of the statute, and it is error to award damages on dissolving it.

APPEAL from *Drew* Circuit Court.

CARROLL D. WOOD, Judge.

This is a suit to enjoin the sale under execution of the plaintiff's curtesy in the separare estate of his deceased wife.

At the hearing below a temporary injunction, which had been granted in the cause, was dissolved, and the complaint was dismissed. The court refused to award the defendant more than $10 damages upon the dissolution of the injunction, and both parties have appealed.

Section 7, Article 9, of the Constitution of 1874, is as follows :

"The real and personal property of any *femme covert* in this State acquired either before or after marriage, whether by gift, grant, inheritance, devise or otherwise, shall, so long as she may choose, be and remain her separate estate and property, and may be devised, bequeathed or conveyed by her the same as if she were a *femme sole,* and the same shall not be subject to the debts of her husband."

Section 4624, Mansf. Dig., provides that the property of a married woman, whether acquired before or after marriage, together with the rents and profits thereof, " shall, notwithstanding her marriage, be and remain her sole and separate property, and may be used, collected and invested by her in her own

Stanley v. Bonham.

name, and shall not be subject to the interference or control of her husband or liable for his debts."

*J. M. & J. G. Taylor*, for appellant.

1. Wherever the common law still prevails the husband's estate by curtesy is subject to execution, but wherever (as in this State) the common law has been superseded by Married Women's Acts, the right to seize the estate is abrogated whether the wife be dead or alive. *47 Ark., 175; Mansf. Dig., sec. 4624; 77 Va., 639; 111 U. S., 731; 36 Ark., 588; 13 Allen, 64; 10 id., 94; 9 Fed. Rep., 31; 94 U. S., 770; 52 Ala., 456; Bishop on Mar. W., sec. 824; 34 Fed. Rep., 14; 86 Tenn., 333; 119 U. S., 642; Freeman on Ex., sec. 176; 29 Ark., 209.*

2. This was not a suit to enjoin the collection of a debt, but only the sale of certain lands, and it was error to award damages on the dissolution of the injunction. *24 Ark., 430; 48 Ark., 24.*

*Wells & Williamson* and *W. S. McCain*, for appellees.

1. Under the decision in *Neely v. Lancaster, 47 Ark., 175,* the husband was seized of an estate by curtesy consummate. *Sec. 7, Art. 9, Const.,* and *sec. 4624, Mansf. Dig.,* only protect a married woman's estate during her life, and does not at her death effect the law of succession. *44 Ark., 153; ib., 112; 47 Ark., 175; 77 Va., 639.* There is no statutory curtesy in this State. It is a freehold estate (*Tiedeman on Real Prop., sec. 101; 38 Ark., 91*), subject to execution for the husband's debts. *Mansf. Dig., sec. 3001; Tiedeman R. P., sec. 109; Washburn R. P., vol. 1., p. 181, sec. 51; Freeman on Ex., sec. 186; 38 Ark., 91.* Ncr can the husband defeat the right by disclaimer. *1 Washb., R. P., sec. 51; 13 Conn., 85.*

2. Stanley is wholly insolvent, and the injunction was in effect an injunction against the collection of a debt generally, and works the same injury. The court should have assessed damages to the full amount of the judgment and costs.

COURTESY:
Subject to
execution.

PER CURIAM. The husband's right of curtesy in the deceased wife's statutory separate estate is subject to execution for the payment of his debts, just as the estate was at common law in lands held by the wife to her separate use and free from the husband's debts. That is the logical deduction from the decision of *Neely v. Lancaster, 47 Ark., 175.* Whether the husband takes an estate freed from the right of the wife's creditors to subject the property to the payment of her debts is not determined.

DAMAGES:
On dissolution of injunction.

As to the assessment of damages on dissolution of an injunction, the statute does not authorize an assessment except in cases where the proceedings upon a judgment have been stayed—that is, when the enforcement of the judgment has been enjoined. *Sec. 3763.* An injunction preventing the sale of particular property does not prevent the execution of the judgment within the meaning of the statute. *Marshal v. Greene, 24 Ark., 410.*

Sections 3763-4 and 5 of Mansf. Dig. were enacted as one section. The first clause (section 3763) authorizes the assessment of damages, and the other two fix the measure of the assessment in the only cases in which the statute contemplates that damages shall be assessed upon the dissolution of an injunction. *Greer v. Stewart, 48 Ark., 21.* In other cases the remedy is by suit on the injunction bond.

The judgment assessing damages upon the dissolution of the injunction is vacated, otherwise it is affirmed.