CASE 89—ACTION BY THE MECHANICS' LIEN & TRUST CO., &C., AGAINST THE MASON, GOOCH & HOGE CO. FOR AN INJUNCTION.—SEPTEMBER 29.

# Mason, Gooch & Hoge Co. v. Mechanics' Lien and Trust Co.

APPEAL FROM KENTON CIRCUIT COURT—JAMES P. TARVIN, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. REVERSED.

INJUNCTION—STAYING EXECUTION—DAMAGES—REMEDY.

1. An execution on a judgment is a proceeding to enforce it, within Civ. Code, sec. 295, providing the remedy for assessing damages on dissolution of an injunction to stay proceedings on a judgment.

2. The remedy for assessment of special damages given by Civ. Code,

sec. 295, providing that on dissolution of an injunction to stay proceedings on a judgment the damages shall be assessed by the court, and judgment shall be rendered against the party who obtained the injunction for the damages assessed, is exclusive.

T. L. EDELEN, ATTORNEY FOR APPELLANTS.

### POINTS AND CITATIONS.

1. No action could be maintained upon the injunction bond until the damages had been found by the court which dissolved the injunction. Civil Code, sec. 295; Chesapeake & Ohio S. W. R. R. v. Reasor, 84 Ky., 369; Crawford v. Woodworth, 9 Bush, 745; Rankin v. Estes, 13 Bush, 428; Logsden v. Willis, 14 Bush, 183; Hayden's Adm'r v. Phillips' Adm'r., 89 Ky., 1; Alexander v. Gish, 88 Ky., 13; Eastern Kentucky Railroad Company v. Brown, 99 Ky., 540; Mallory v. Dauber's Exr., 83 Ky., 239; Shackelford, Clerk, v. Patterson, Judge, 23 Ky. Law Rep., 316.

2. The Kenton circuit court had no jurisdiction against the Franklin county defendants who were not served with process in Kenton county, because (a) the proof conclusively shows that the use of the name of the German National Bank was without its authority; and (b) the petition stated no cause of action against either the German National Bank, the Mason, Gooch & Hoge Company or W. F. Dandridge, because neither of them executed the covenant sued on. Civil Code, sec. 80; Cox v. Taylor's Adm'r., 10 B. Mon., 17; Mitchell v. Mattingly, 1 Met., 237; Hall v. Forman, 82 Ky., 505.

3. The Mechanics Trust Company is not entitled to maintain this action upon the bond, because the proof shows that it has converted to its own use the first mortgage bonds of the Midland Railroad as participated in the reorganization of that company, and it does not appear that its holdings are insufficient to satisfy the judgment against the Home Construction Company.

4. The court erred on the merits in rendering judgment for other than a nominal sum, because it appears from its own proof that the rolling stock levied upon did not materially depreciate in value between the levy and the ultimate sale.

5. Attorney's fees are not recoverable in an action on an injunction bond unless the attorney representing the defendant rendered service in the discharge of the injunction as distinguished from a defense of the action itself. Williams v. Allen, 21 Ky. Law Rep., 1191; Bennett v. Lambert, 100 Ky., 739; New National Turnpike Co. v. Dulaney, 86 Ky., 518.

W. H. MACKOY, COUNSEL FOR APPELLEE.

### QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The German National Bank, one of the appellants, both upon the evidence and as matter of law, was properly made a defendant to the action in the lower court. It can not be permitted to question or attack collaterally the judgment of the Franklin circuit court in the injunction case to which it was a party plaintiff. Newcomb's Exr. v. Newcomb, 13 Bush, 545, 562, 564, 569, 571; De Bard v. Gatewood, 4 Ky. Law Rep., 231; 233; Halbert v. Montgomery's Adm's., 5 Dana, 1, 15, 16, 18; Paul v. Smith, 82 Ky., 451; Botto v. Botto, 6 Ky. Law Rep., 663; Prince v. Antle, 90 Ky., 138; Spalding, Adm'r v. Wathen, 7 Bush, 659; Harpending's Exrs. v. Wiley, 13 Bush, 158; Derr v. Wilson, 84 Ky., 14, 17; Pillsbury v. Dugan, 9 Ohio, 117; Denton v. Noyes, 6 Johns., (N. Y.), 295, 300, *et seq.;* Hamilton v. Wright, 37 N. Y., 502; Brown v. Nichols' Adm'r., 42 N. Y., 26; Cleveland Co-Operative Stove Co. v. Mehling, 21 Ohio C. C. Rep., p. 60.

2. A party represented without authority or falsely represented should take immediate action by an application to open the judgment as soon as the facts come to his knowledge; otherwise he may be considered to be estopped by his silence. Weeks on Attorneys, sec. 196, p. 406; Harshey v. Blackman, 20 Ia., 161.

3. Notice to the president of the bank was notice to the bank. Germania Safety Vault & Trust Co. v. Driskill, 23 Ky. Law Rep., 2050.

4. The appellants, the Mason, Gooch & Hoge Co., W. F. Dandridge, H. P. Mason and Charles E. Hoge are conclusively estopped from denying that the German National Bank was not a party to the injunction suit in the Franklin circuit court. They made use of the German National Bank and of its name as a party for their own benefit, and can not now be heard to say that the German National Bank was not properly a party to the suit in the Franklin circuit court. Davis v. Wakelee, 156 U. S., 680; Alexander v. Woodford Spring Lake Fishing Co., 90 Ky., 215.

5. That the injunction granted by the Franklin circuit court at the suit of Dandridge, the Mason, Gooch & Hoge Co., *et al.,* was not one to stay proceedings upon a judgment, and therefore it was neither necessary nor proper that the damages upon the injunction bond given in the suit in that court should be assessed by the court upon the dissolution of the injunction. Civil Code, secs. 278, subsecs. 3, 279, 285, 295; Logsden v. Willis, 14 Bush, 183; Rankin v. Estes, 13 Bush, 429; Alexander v. Gish, 88 Ky., 13, 19; Pugh's Adm'r v. White, 78 Ky., 210; Wells, Fargo & Co.

v. Vansickle, 112 Fed. Rep., 396, 401; Am. & Eng. Ency. of Law, vol. 16 (2d. Ed.), p. 398; Eastern Ky. Ry. Co. v. Brown, 99 Ky., 540, 542; Hegeman v. Wilson, 8 Paige (N. Y.), 28, 30; Hardin v. White, 63 Ia., 633; Stanley v. Bonham, 52 Ark., 354; Marshall v. Green, Exr., 24 Ark., 411.

6. The appellee is entitled to recover as a part of the damages which it sustained by the granting of the injunction by the Franklin circuit court, the sum of one thousand dollars which it paid to its attorney, J. W. Bryan, for procuring the final dissolution of the injunction granted in the injunction suit in the Franklin circuit court, and there was no error in the judgment of the lower court in so adjudging as the injunction which was dissolved was ancillary to the main relief sought in the injunction suit. Alexander v. Gish, 88 Ky., 13, 19; New National Turnpike Co. v. Dulaney, 86 Ky., 516, 519; May v. Deposit Bank, 5 Ky. Law Rep., 691; Bennett v. Lambert, 18 Ky. Law Rep., 1057.

7. The appellants, the Mason, Gooch & Hoge Co., the German National Bank and W. F. Dandridge, although they did not sign the injunction bond, were proper parties to this action in the lower court, and are liable for such damages as resulted directly from the wrongful suing out of the injunction by them in the Franklin circuit court, it having been held by that court pursuant to the judgment and mandate of the Court of Appeals that the injunction ought not to have been granted. Alexander v. Gish, 88 Ky., 13; Botefuhr v. Leffingwell, 21 Ohio Circuit Court Rep., 584; Wilson v. Outlaw, 1 Ala. (Minor's Repts.), 367; Kirksey v. Jones, 7 Ala., 622; Half, Weiss & Co. v. Curtis, 68 Tex., 640; Am. & Eng. Ency. of Law, vol. 3, (2d Ed.), 245, and authorities cited; Teasdale v. Jones, 40 Mo. App., 243; McLaughlin v. Davis, 14 Kan., 168; Renkert v. Elliott, 11 Lea (79 Tenn.), 235, 252; Civil Code of Kentucky, secs. 278, subsec. 3, 279, 295, 198; Newman v. Ecton, 14 Ky. Law Rep., 793.

8. That the plaintiffs in the injunction suit in the Franklin circuit court were properly joined as defendants with Mason and Hoge, sureties on the injunction bond, in the action in the Kenton circuit court, from the judgment in which this appeal is prosecuted. Alexander v. Gish, 88 Ky., 13.

9. That appellants can not, both upon the facts of the case and also by reason of their failure to plead same, reduce the damages which the appellee is entitled to recover against them by reason of the alleged claim made in the brief of their counsel that the Mechanics Trust Co. converted to its own use certain bonds which it held as collateral security for its claim against the Home Construction Co., and the lower court properly so ruled in this regard. The evidence introduced by the appellants upon

this point is wholly irrelevant and incompetent, and not pertinent to any issue made in this case.

10. The depreciation in the value of the engines and coaches during the time that the sale thereof was prevented by the injunction obtained by the appellants in the Franklin circuit court is the proper measure of damages. Beach on Injunctions, sec. 195; Welch v. Welch, 22 Ky. Law Rep., 1259; Welch v. Welch, 20 Ky. Law Rep., 1990; Mahlman v. Williams, 89 Ky., 282, 286; Moore v. Wilson, 1 Ky. Law Rep., 351.

11. The amount for which judgment was rendered by the lower court in this case is correct, and the judgment of the court in that regard is supported by the great weight of the testimony.

12. Cases commented upon. Mallory v. Dauber's Exr., 83 Ky., 239; C. O. & S. W. R. R. Co. v. Reasor, 84 Ky., 369; Crawford v. Woodworth, 9 Bush, 745; Hayden's Adm'r v. Phillips' Adm'r., 89 Ky., 1; Hall v. Forman, 82 Ky., 505; Shackelford, Clerk v. Patterson, Judge, 23 Ky. Law Rep., 316; Cox v. Taylor's Adm'r., 10 B. Mon., 17; Applegate v. Colvin, 8 Dana, 289; Patterson v. Bloomer, 9 Abb. Pr. Rep. (N. Y.), New Series, 27.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

The Home Construction Company, being indebted to the Mason, Gooch & Hoge Company in a large amount, undertook to pledge to it certain locomotives and cars owned by the construction company as security for the debt, and as evidence of the pledge issued to it a paper called a "warehouse receipt." The Mason, Gooch & Hoge Company borrowed from the German National Bank of Covington, Ky., something like $15,000, and to secure the loan placed with it as collateral the warehouse receipt which it had received from the construction company. The Mechanics' Trust Company had a large debt against the Home Construction Company, upon which it obtained a personal judgment against it. Execution was issued on the judgment and levied on the locomotives and cars above referred to. After this levy was made, the Mason, Gooch & Hoge Company, the German National Bank, W. F. Dandridge, who was named as trustee in the warehouse receipt, H. P. Mason and Charles

E. Hoge, who were sureties in the debt to the bank, instituted an injunction suit in the Franklin circuit court enjoining the sheriff from selling the engines and cars under the execution on the ground that they had a prior lien on the property by virtue of the warehouse receipt. The circuit court sustained the plaintiffs, but upon appeal to this court it was held that the warehouse receipt created no lien on the property, and the judgment was reversed, with directions to the circuit court to dismiss the plaintiffs' petition. Mechanics' Trust Co. v. Dandridge, etc., 37 S. W., 288, 18 Ky. Law Rep., 625. On the return of the case to the circuit court the petition was dismissed and the injunction dissolved, but no order was entered assessing damages on the injunction. Thereafter this suit was brought in the Kenton circuit court against the plaintiffs in that action and their sureties on the injunction bond. Among other things, the defendants pleaded that there had been no assessment of damages in the action in which the injunction was obtained, and relied on this in bar of the action, insisting that a finding of damages by the court which dissolves the injunction is a condition precedent to the right of action on the bond.

Section 295 of the Civil Code reads as follows: "Upon the dissolution, in whole or in part, of an injunction to stay proceedings upon a judgment, the damages shall be assessed by the court; which may hear the evidence and decide in a summary way, or may, at its discretion, cause a jury to be impaneled to find the damages. If the collection, payment or use of money be enjoined, the damages may be any rate per cent. on the sum released by the dissolution, which, in the discretion of the court, may be proper, not exceeding ten per cent. And, if the delivery of property have been delayed by the injunction, the value of the use, hire or rent

thereof shall be assessed; judgment shall be rendered against the party who obtained the injunction for the damages assessed; and the assessment shall be conclusive against the surety of such party." This provision of the Code is taken verbatim from section 325 of the former Code, and has more than once been construed by this court. In Crawford v. Woodworth, 9 Bush, 745, Crawford had obtained a judgment to sell a tract of land and some oxen, and thereafter Woodworth, asserting a claim to the oxen, filed his petition enjoining Crawford from selling them as directed in the judgment. The injunction was dissolved, but the damages were not assessed. Then Crawford filed a suit to recover damages upon the bond. The court held that the petition stated no cause of action as it did not show that the damages had been assessed by the court in dissolving the injunction. After setting out the provisions of section 325 of the Code then in force, which, as we have said, were verbatim the same as section 295 now in force, the court said: "This mode of proceeding is not merely cumulative, but is the only remedy afforded a party for recovering special damages upon the dissolution of an injunction; and, as conclusive of this question, the language of the section is not only that the court shall assess damages, but this assessment is made conclusive against all the obligors in the bond, including the surety." This case was followed in Logsden v. Willis, 14 Bush, 183, and was again followed in Mallory v. Dauber's Ex'r, 83 Ky., 241, 7 R., 243, where Mallory had enjoined the selling of certain land under execution on the ground that it was his property. His injunction was modified by the circuit court without the assessment of damages. He appealed, and Dauber prosecuted a cross-appeal, complaining that the injunction had not been dissolved, and that there had been no assessment of damages by the court in dissolv-

ing the injunction. The court, however, affirmed the judgment on the original and cross appeals, holding that, only nominal damages should be given, and that it would not reverse the judgment in order that nominal damages might be assessed. The court said: "If, therefore the appellant had an equity as against the appellee, although the injunction was improperly granted, the court had the power to give mere nominal damages on its dissolution; but, having failed to dissolve the injunction, this court will not reverse on the cross-appeal for that error alone, in order that the court below may determine the damages the appellee is entitled to recover." The question was again presented to the court in Hayden's Admr. v. Phillips' Admr., 89 Ky., 1, 11 R., 239, 11 S. W., 951, where Hayden had enjoined a writ of possession in the sheriff's hands for execution. The injunction was dissolved, but upon the dissolution the court did not assess damages for the wrongful suing out of the injunction, and in this condition of things Phillips filed suit against Hayden on the injunction bond, and recovered judgment in the circuit court. On appeal to this court the judgment in his favor was reversed, and the cause remanded to the circuit court, with directions to sustain the demurrer to the petition. After referring to the previous cases, the court said: "It may now be regarded as settled that the remedy given by section 295 of the Code for the assessment of special damages upon the dissolution of an injunction enjoining proceedings on a judgment is exclusive of all other remedies." We can not now depart from a rule of construction of the statute so authoritatively settled. Section 285 of the Code provides that an injunction to stay proceedings on a judgment shall not be granted in an action brought in any other court than that in which the judgment was rendered. The words of this section, "to stay proceedings on a judgment,"

are, in effect, the same as in section 295, and under it it has been often held that a sale of property under execution can not be enjoined except in the court which rendered the judgment on which the execution issued. C. & O. R. R. Co. v. Reasor, 84 Ky., 369, 8 R., 374, 1 S. W., 599; Mallory v. Dauber's Exr, 83 Ky., 241, 7 R., 243; McConnell v. Rowe, 1 S. W., 582, 8 Ky. Law Rep., 343; Stahl v. Brown, 84 Ky., 325, 8 R., 279, 1 S. W., 540. It is perfectly clear from the previous decisions of this court that it has proceeded upon the idea that the words "to stay proceedings upon a judgment," in section 295, mean the same thing as the like words in section 285, and include an injunction to stay proceedings on an execution issued on a judgment no less than to stay the judgment itself in other respects. An execution which is issued on a judgment is a proceeding to enforce it, and the court has evidently treated these sections as embracing all injunctions to stay proceedings on a judgment. We therefore conclude that, the damages not having been assessed in the action in which the injunction was dissolved, no recovery can be had in this action on the injunction bond therefor.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

Petition for rehearing by appellee overruled.