ADCOCK *v.* COKER.

Opinion delivered November 4, 1912.

1.  STATUTE—ENACTING CLAUSE.—Act 181 of Acts 1911, containing the enacting clause, "Be it enacted by the General Assembly of the State of Arkansas," is valid. (Page 212.)

2. INJUNCTION—TEMPORARY ORDER—EFFECT.—A temporary restraining order is not "an injunction to stay proceedings upon a judgment or final order" of the county court, within Kirby's Dig., § 3998, providing that upon the dissolution of a judgment to stay proceedings upon a judgment or final order damages shall be assessed by the court. (Page 212.)

3. EQUITY—LIABILITY OF TREASURER—JURISDICTION OF COUNTY COURT.—Equity has no jurisdiction to fix the liability of a county treasurer for failure to pay over county funds to the county depository, as required by Acts 1911, c. 181; the county court having exclusive original jurisdiction over such matters. (Page 212.)

Appeal from Drew Chancery Court; *Zachariah T. Wood,* Chancellor; modified and affirmed.

### STATEMENT BY THE COURT.

The appellant, as treasurer of Drew County, applied to the chancery court for a temporary injunction restraining the county judge of Drew County from establishing a depository for the funds of the county under the provisions of act No. 181, approved April 12, 1911, the enacting clause of which is as follows: "Be it enacted by the General Assembly of the State of Arkansas." The appellant executed a bond and obtained a temporary restraining order. Before the final hearing the prosecuting attorney intervened in the name of the State for the use and benefit of Drew County, and filed a complaint against the appellant, asking that the temporary restraining order be set aside, and that appellant be ordered to present a statement of the daily balances of all funds in his custody as treasurer since the restraining order was issued and the amount of all the funds that he would have delivered to the depository, had not the restraining order been issued, and prayed that judgment be entered against the appellant and his bondsmen on the injunction bond at the rate of 5½ per cent. on the daily balances. The court, on final hearing, dissolved the injunction and entered a decree against the appellant and his bondsmen "for damages in the sum of 5½ per cent. on daily balances in the hands of plaintiff as treasurer from and after October 2, 1911, until paid, and for all other and further damages that may arise by further delay and appeal from this decree until final settlement," etc. From this decree the appellant duly prosecutes this appeal.

*Patrick Henry,* for appellant.

*Williamson & Williamson* and *R. W. Wilson,* for appellees.

WOOD, J.,   (after stating the facts).   1.   Act 181 of the General Assembly, approved April 12, 1911, is valid.   It was recently held by this court that an enacting clause like the one under consideration does not render an act unconstitutional. *Ferrell* v. *Keel,* 103 Ark. 96.   That case rules this.

2.   The court erred in rendering judgment against the appellant and his bondsmen.

The temporary restraining order was not "an injunction to stay proceedings upon a judgment or final order" of the county court.   Section 3998, Kirby's Digest; *Greer* v. *Stewart,* 48 Ark. 21; *Stanley* v. *Bonham,* 52 Ark. 354.

The complaint on the information of the prosecuting attorney did not state facts sufficient to give the chancery court jurisdiction to render judgment against appellant and his bondsmen on the injunction bond.   In the case of the *State* use *Columbia County* v. *Nabors,* 103 Ark. 16, the county brought suit against Nabors, the collector of Columbia County; and his bondsmen, to recover interest on funds of the county which were to be turned into the county depository.   In that case the court held that suit could not be maintained against the collector and the sureties on his official bond for the interest that would have been earned until "a determination and adjudication fixing the liability" by the county court.   In other words, the court held that the determining of the amount of interest, if any, for which the collector and his bondsmen were liable in that case was within the exclusive jurisdiction of the county court.

It follows from the application of the doctrine of that case to the facts of this record that the chancery court had no jurisdiction to render the judgment herein for damages.   To this extent the decree will be modified, and as thus modified it is affirmed.