## SWAN VS. BENSON, adm'r.

1. VENDOR'S LIEN: *Notice, Etc.*
   A vendor's lien, for purchase money, is solely the creature of equity, and does not depend upon stipulation or contract; and a purchaser, with notice, is bound by it.

2. RELEASE: *Pleading, etc.*
   A release must be in writing, and for a consideration; and, in pleading it, the defendant must set out the consideration.

APPEAL from *Woodruff* Circuit Court, in Equity.

——————, Circuit Judge.

*Rose*, for appellant.

HARRISON, J.:

The facts in this case were substantially these:

Benjamin J. Johnson and his wife, Ann C. Johnson, on the 4th of October, 1864, sold and conveyed the tract of land mentioned in the pleadings, to Edward C. James, and James executed to said Benjamin J. Johnson his writing obligatory, payable at a future day, for the purchase money. On the 15th of January, 1866, and before Johnson had been entirely paid, James sold and conveyed the land to Benjamin F. Seamans and William B. Swan. Seamans and Swan, at the time of their purchase, knew that James still owed Johnson a balance on his purchase, and it was in their purchase agreed between themselves and James and Johnson, that they should pay Johnson the balance due him, which was $2,200; and on the 5th day of April, 1866, they executed to him their two writings obligatory, for $1,100 each, one payable on the 1st day of January, 1867, with ten per cent. interest after maturity until paid; and the other on the 1st day of January, 1868, with the same interest from the 1st day of January, 1866, until paid, and expressly stating therein to be in consideration of the purchase of the land. The remainder of the purchase money they paid James, either at the time of their

purchase or afterwards. The complaint further alleges, that it was also understood and agreed between all of the said parties, that Johnson should still hold his lien on the land, for the balance due him.

The writings obligatory not being paid, Johnson filed his complaint in equity against Seamans and Swan, to enforce a vendor's lien on the land for the payment of the same; and dying after the commencement of the suit, it was revived in the name of Jasper M. Benson, as administrator, with the will annexed, of his estate.

The defendants filed separate answers, but the answer of Seamans is not found in the transcript. He, however, did not appeal, and it does not appear to be material to a decision of the cause before us.

Swan's answer admitted all the allegations in the complaint, and the facts as above stated, except the averment that there was an agreement for the lien, and denied that there was any express agreement concerning it; and averred, and pleaded, that in a compromise between Johnson and himself, after the suit was brought, he was discharged and released from liability on the writings obligatory.

A demurrer was sustained to the answer.

The court held that the plaintiff had a lien, and decreed a sale of the land to pay the debt.

Swan appealed.

The vendor's lien, for purchase money, does not depend upon stipulation or contract, and is solely the creature of a court of equity.

The defendants, when they purchased from James, knew that he still owed Johnson a balance for the land, and gave him their obligations for the amount. The amount they assumed to pay

Johnson, was part of the consideration in their purchase, and was at the time a lien on the land.

There is no room for the presumption that Johnson, in taking the obligations of the defendants, intended to waive his lien, because they were not given as an additional security for James' debt, but in substitution for it; and if it was inequitable for James to have the land without paying for it, it seems to us to be equally so for the defendant.

The release set up by the appellant, was not averred to have been made upon any consideration; nor even to have been in writing.

"In a plea of release," says Story, "the defendant must set out the consideration upon which the release was made." Sto. Eq. Plead., sec 797; 1 Dan. Ch. Prac., 669.

A consideration is an essential part of every contract.

A release formerly, before private seals were abolished, must have been under seal; and, as a matter of course, must be in writing.

The demurrer to the appellant's answer was properly sustained; and there is no error in the decree.

Decree affirmed.