BURKE *v.* M. E. LEMING LUMBER COMPANY.

Opinion delivered November 29, 1915.

1.  RELEASE—CONSIDERATION.—When a release is pleaded, the consideration therefor must be set forth.

2.  BILLS AND NOTES—RELEASE—CONSIDERATION.—An answer to a complaint in an action on a note which sets up that the plaintiff had released the defendant from liability, to be effective, must also recite the consideration supporting such release agreement.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*T. B. Pryor* and *John H. Vaughn,* for appellant.

Appellant admits signing the note, but he was subsequently released from liability thereon because of a contract, based upon a valuable consideration, between this appellant, L. S. Joseph and appellee. This constituted a novation and appellant was thereby discharged from liability. 22 Pac. 673; 35 S. W. 444; 37 S. W. 1019; 59 Ind. 508; 3 Ark. 216; Chitty on Contracts 581; 24 Ark. 356; 61 Ala. 155; 33 Ill. App. 534; 104 Ind. 180; 36 Tex. 76.

When the court treated the motion of plaintiff as a demurrer to the answer, it necessarily follows that the material matters of the answer were admitted to be true. 102 Ark. 280.

*Read & McDonough,* for appellee.

The defendant should have set out fully the consideration upon which the release was made. 34 Cyc. 1095. It must be in writing and for a consideration. 31 Ark. 728; 14 Ind. 523; 12 Ind. R. 46; 99 Ky. 170; 104 Ind. R. 180.

The answer stated a mere conclusion of law and was therefore insufficient. 62 Texas 143; 31 Ark. 728; Story's Eq. Plead., sec. 797; 1 Dan. Ch. Prac. 669.

McCULLOCH, C. J. Appellee sued appellant, M. C. Burke, on a promissory note in the following form:

"$1,200.00                    St. Louis, Mo., Sept. 23, 1913.

February 2, 1914, after date, we promise to pay to the order of M. E. Leming Lumber Co., One Thousand, Two Hundred and no/100 Dollars, with interest at the rate of 8 per cent per annum from date until paid, for value received, negotiable and payable without defalcation or discount, payable ......................

Burke & Joseph,<br>By M. C. Burke."

Appellant answered, but the court held the answer to be insufficient and rendered judgment for the amount of the note. The only contention on the part of counsel for the appellant is that the court erred in holding insufficient the second paragraph of the answer, which reads as follows:

"2. Admits that the note set out in the complaint herein, was executed by the firm of Burke & Joseph on September 23, 1913, as alleged; admits that the said note was endorsed by M. C. Burke and L. S. Joseph, and delivered to the plaintiff for a valuable consideration. Defendant, further answering, states that after the execution of said note that the defendant, L. S. Joseph, who had been for a number of years having business transactions with the plaintiff, and who was well known to the

plaintiff, entered into a contract with the plaintiff by the terms of which it was agreed and understood, between the said L. S. Joseph, defendant, and the plaintiff and this defendant, that the said L. S. Joseph was to and did assume the payment of the note sued upon herein; that under the terms of said contract, which was based upon a valuable consideration, the said plaintiff agreed to release, and did release, this defendant from all liability, either as maker or endorser of said note, and it was mutually agreed and understood that the plaintiff would look to the defendant, L. S. Joseph, for the same; that the defendant, L. S. Joseph, departed this life on the .... day of ................, 1914, and since the institution of this suit.''

The contention is that the agreement set forth in the above paragraph constituted a novation and operated as a release of all liability on the part of appellant. There was no novation for the reason that appellant and Joseph were both originally liable on the note but if any defense at all is pleaded it is that appellant was released. The difficulty with the plea is that is fails to set forth a consideration upon which this agreement was based. Appellant and Joseph were both admittedly liable on the note, and it required some new consideration to operate as a foundation for the release of either of them. It is true that the answer states that the contract ''was based upon a valuable consideration,'' but that was merely pleading a conclusion of law without stating any facts upon which the conclusion was based. When a release is pleaded, the consideration therefor must be set forth. *Swan* v. *Benson, Admr.,* 31 Ark. 728.

The judgment of the circuit court was correct and is affirmed.