## BEARD *v.* BEARD.

### Opinion delivered March 21, 1921.

DOWER—DYING WITHOUT CHILDREN—ANCESTRAL ESTATE.—Under Crawford & Moses' Dig., § 3536, providing that a widow shall be endowed in fee simple in one-half of the real estate of her husband dying without children where said estate is a new acquisition, and not an ancestral estate, *held* that where a husband, in taking a grant from his father, assumed a portion of a mortgage indebtedness, the husband's estate was a new acquisition, though he died without paying such assumed indebtedness, and the widow's dower was in fee; there being no children.

Appeal from Mississippi Chancery Court, Chickasawba District; *Archer Wheatley*, Chancellor; affirmed.

*Driver & Simpson,* for appellant.

There is only one question before this court, and that is the nature of the estate acquired by Don P. Beard from his father. If it was ancestral, appellee is entitled to dower in the lands for life; if the lands were a new acquisition, she is entitled to dower in said lands in fee. *Kelley's Heirs* v. *McGuire* settles the principles of this case. 19 Ark. 401. This case falls within the rule in 107 Ark. 504. See, also, 97 Ark. 568; 98 *Id.* 568; 69 *Id.* 237.

When appellant, the father of appellee's husband, conveyed to him the lands in question with the burden of a $6,000 mortgage, the assumption of payment of same by appellee's husband could not in any way or manner render the estate held by her husband any other than an ancestral estate, and the case should be reversed.

*Buck & Lasley,* for appellee.

The only question is whether the deed executed by appellant to Don P. Beard, the husband of appellee, was a deed of purchase or of gift. If a deed of purchase, the land was a new acquisition, and appellee, the widow of the grantee, was entitled to dower in fee; if a deed of gift, the estate was ancestral, and appellee was only entitled to dower for lifetime. In determining whether it was a deed of purchase or of gift, we may look to its recitals, and a recital in the deed that the conveyance is made for a valua-

ble consideration is of the essence of the contract or deed, and it was not competent to show by parol evidence that such conveyance was a deed of gift. But the decree is correct for other reasons. The deed contains in the covenant clause this provision "and we covenant with Don P. Beard that we will forever warrant and defend the title to said lands against all claims whatever, except for a deed of trust amounting to six thousand dollars which the grantee, Don M. Beard, assumes and agrees to pay." Under this language and upon delivery of the deed, Don P. Beard became personally liable for this six thousand dollars against the land and could have been sued thereon and a judgment taken on foreclosure, and further if the appellant had been required to pay any part of this debt he would have had a cause of action against Don P. Beard for the amount of the debt so paid by him. 42 Ark. 197; 110 *Id.* 70. The deed was delivered, and the lower court was right in its findings. 110 Ark. 70; 128 *Id.* 320; 113 *Id.* 289. After accepting the deed, the grantee is bound by the conditions in the deed. 2 Devlin on Real Estate, pp. 175-8; 47 Ark. 317; 50 *Id.* 433. The execution and delivery of the deed, in view of the language therein containd, is sufficient to make the conveyance one of purchase. In addition, the proof shows a valuable consideration was paid by the son, Don P. Beard, other than the assumption of the debt mentioned in the deed. The consideration was a mixed one, part a consideration for value and part love and affection. 98 Ark. 93; Walker's Am. Law (4 ed.), p. 409. See, also, 15 Ark. 555; 49 N. E. 479; 8 R. C. L. 965. The lower court properly found the issues for appellee. It was a purchase and not one of blood.

McCULLOCH, C. J. Appellee is the widow of Don P. Beard, deceased, who was the owner of a tract of farm land in Mississippi County, and the only question involved in the present controversy is whether the decedent held the lands as a new acquisition by purchase, so as to give his widow a title in fee to her dower interest,

or as an ancestral estate, so as to limit the widow's dower interest to an estate for life.

There is no substantial dispute concerning the material facts of the case. The lands in question were originally owned by appellant, W. A. Beard, the father of Don P. Beard, and the former conveyed the lands to the latter by deed of conveyance dated June 16, 1917, reciting a consideration of "one dollar and other valuable considerations," and also containing the following recital: "It is expressly understood that this deed is made subject to a deed of trust now on the lands conveyed herein, amounting to six thousand dollars, held by the Mississippi Valley Trust Company of St. Louis, Missouri, * * * and which this grantee, Don P. Beard, assumes and agrees to pay."

Coincident with the execution of the deed, W. A. Beard voluntarily executed to Don P. Beard a declaration in writing to the effect, that he, the said W. A. Beard, would "pay for the said Don P. Beard to the Mississippi Valley Trust Company of St. Louis, Missouri, or its assigns, five years after date of the certain deed of trust, at which said deed of trust becomes due, the sum of three thousand ($3,000) dollars to apply as against the indebtedness evidenced by said deed of trust, * * * provided title to said real estate is held by the said Don P. Beard, and provided, that said real estate is owned by the said Don P. Beard in person." It appears from the testimony in the case that the mortgage debt to the Mississippi Valley Trust Company did not fall due for five years, and before its maturity Don P. Beard died without having paid any of the debt.

There was oral testimony to the effect that the conveyance from W. A. Beard to his son was intended as a gift. But the deed of conveyance itself contained the recital of a consideration moving from the grantee to pay one-half of the mortgage debt which he assumed by the acceptance of the conveyance. The proof shows that the land was of value largely in excess of the mortgage debt, and it is undisputed that the father intended to make a

gift to his son of the land at least to the extent of the value in excess of one-half of the mortgage debt. But it is equally undisputed that the son obligated himself by the acceptance of the deed to pay one-half of the debt, and to this extent he received the title by purchase.

It has become the settled rule in this State, as announced in the decisions of this court, that an estate can not, legally speaking, come partly by gift and partly by purchase, and that, ''in order to constitute a gift from a parent to a child an ancestral estate, within the meaning of our statute, the conveyance must be made entirely in consideration of blood and without any consideration deemed valuable in law; and if such deed is executed partly for a valuable consideration, the estate acquired is a new acquisition.'' *Martin* v. *Martin,* 98 Ark. 93; *Hill* v. *Heard,* 104 Ark. 23; *McElwee* v. *McElwee,* 142 Ark. 560; *Earle* v. *Earle,* 145 Ark. 559.

Counsel for appellant attempts to bring this case within the rule announced in *Howard* v. *Grant,* 107 Ark. 504, where the ancestor has become the equitable owner of land under a title bond, and the purchase price was paid by the personal representative after the death of the ancestor, and we held that the estate taken by the heirs was ancestral, notwithstanding that purchase price was thus paid. This case does not, however, fall within the rule announced in that case, for here there was an obligation on the part of the grantee to pay one-half of the mortgage debt in consideration of the conveyance. This imposed an enforceable obligation on him (*Felker* v. *Rice,* 110 Ark. 70; *Walker* v. *Mathis,* 128 Ark. 317), and constituted a valuable consideration for the conveyance. The fact that the consideration was inadequate or was only in part a consideration for the conveyance does not alter the rule that an estate acquired under such circumstances is a new acquisition. Nor does the fact that the grantee had not in fact paid the consideration affect the application of the rule, for, the obligation being a valid one, it could be enforced against his estate.

The chancery court was correct in holding that the estate of Don P. Beard in the land was a new acquisition, and that the widow was entitled to an estate in fee simple in the portion allotted to her as dower.

Affirmed.