## FELKER v. RICE.

### Opinion delivered November 3, 1913.

1.  EVIDENCE—BEST EVIDENCE—RECORD OF DEEDS.—A deed record may be introduced as evidence of a deed, although the original deed was in existence. (Page 76.)

2.  APPEAL AND ERROR—FAILURE TO ATTACH EXHIBITS.—The right to object to the failure of plaintiff in a suit in chancery on a note and to foreclose a mortgage securing the same, to attach the note as an exhibit to her complaint, is waived when no objection to the same is made in the court below. (Page 77.)

3.  DEEDS—AGREEMENT TO ASSUME MORTGAGE.—A. owned land on which B. held a mortgage. A. deeded the land to C., the deed containing a stipulation that the property was subject to a mortgage which C. agreed to pay. Held, by the acceptance of the deed, the law implies a promise by C. to pay the mortgage, and if B. could not make the amount of the debt out of A. and the foreclosure of the mortgage, C., having assumed the debt and agreed to pay it, stands in the position of a surety for the debt. (Page 78.)

4.  JUDGMENTS—PREMATURENESS.—Where defendant filed his answer, and three days later was allowed ten days in which to file an amended answer, and the cause was set down for final hearing on a later day, when judgment was rendered, defendant will not be heard to complain that the judgment was prematurely rendered. (Page 79.)

5.  EQUITY—DECREE—EXPIRATION OF TERM.—After the expiration of the term at which a decree is rendered, the court rendering the decree has no power to set it aside or modify it, except upon application under the statute for some cause specified therein, or by bill of review under the chancery practice. (Page 79.)

6.  DEEDS—PRESUMPTION OF DELIVERY.—When a deed is acknowledged and filed for record and found in the possession of the grantee, it will be held to be shown prima facie to have been delivered. (Page 80.)

7.  INJUNCTION BOND—LIABILITY OF SURETIES.—Where an injunction stayed proceedings under a decree in chancery, immediately upon the dissolution of the injunction, the court may render judgment against the principal and sureties on the injunction bond, according to its terms. (Page 80.)

Appeal from Washington Chancery Court; *T. H. Humphreys*, Chancellor; affirmed.

STATEMENT BY THE COURT.

Nora B. Rice instituted this action in the chancery court against James Pozza, J. E. Felker *et al.* to obtain judgment on a debt and to foreclose a mortgage given to secure it. Her complaint alleges, in substance, that James Pozza, on March 25, 1909, gave her a promissory note for $400 due on or before five years after date, and executed a mortgage on thirty-five acres of land in Washington County, Arkansas, to secure the same. The mortgage was made an exhibit to the complaint. That on the 24th day of February, 1910, James Pozza executed to the Bank of Rogers two mortgages on a part of the land embraced in the mortgage to her, but that said mortgages are subsequent in time to her mortgage. That on the 22d day of December, 1909, James Pozza conveyed to John E. Felker, a part of the lands embraced in the mortgage to her for a consideration of $600, $200 of which was paid at the time, and for the residue of said purchase money said Felker agreed to pay off and discharge the $400 note and mortgage made and executed to the plaintiff by Pozza. That said deed was duly acknowledged and filed for record on the 20th day of January, 1910. That the note and mortgage executed to her are due and unpaid. The prayer of the complaint is for personal judgment against Pozza and Felker for the debt; and for a decree foreclosing the mortgage. The complaint was filed on the 20th day of August, 1912. On the same day C. O. Baker filed an intervention in the action, setting up that he had a mortgage on the lands in question prior to the plaintiff's. On September 9, 1912, John E. Felker filed his separate answer in the action, and denied that he had purchased the lands from James Pozza and that he had promised to pay off the mortgage debt of Pozza to the plaintiff. On October 4, 1912, James Pozza filed a separate answer, in which he admitted that the mortgage debt was due, and stated that he had sold a part of the lands to John E. Felker, and that Felker, as a part of the consideration therefor, had assumed the payment of the note and mortgage of the plaintiff. On September

9, 1912, W. R. Felker, who had been made a party defendant to the action, filed an answer and cross bill, in which he denied that the mortgages of Pozza to the Bank of Rogers were subsequent in time to the mortgage of the plaintiff, and alleged that they were prior in time to the mortgage of the plaintiff. He prayed for judgment on the notes given to the bank, and for a foreclosure of the mortgages executed to secure the same. On the 12th day of October, 1912, the chancery court of Washington County made the following order in the case:

"On this date the defendant, J. E. Felker, was given ten days from this date in which to file an amended answer herein. It appearing to the court that James Pozza, who is to be a witness in this cause, can not speak the English language, on motion of his attorneys, Walker & Walker, it is ordered by the court that said James Pozza appear in this court on the 27th day of November, 1912, at 10 o'clock A. M., and there to testify orally before the court, his testimony to be reported and reduced to typewritten form and used as his deposition herein."

Hugh A. Dinsmore, for the plaintiff, testified that he had known John E. Felker for more than fifteen years, and that he thought that Felker had resided in Rogers, in Benton County, during that time. That he had known W. R. Felker, the father of John E. Felker, for twenty-five years, and that it was his understanding that he had been a resident of the city of Rogers during that time. That the Felkers had been engaged in business as bankers in Rogers for a number of years.

M. F. Croxdale testified that he was the circuit clerk and recorder of Washington County in January, 1910, and that in that month he received and filed for record and recorded a deed from James Pozza to John E. Felker, trustee. That after recording the deed on the 27th day of January, 1910, he mailed the deed to John E. Felker, at Rogers, Arkansas. The deed record was introduced in evidence, and showed to be dated the 22d day of December, 1909, from James Pozza to J. E. Felker,

trustee, to a part of the lands embraced in plaintiff's mortgage.   The deed recites:

"That I, James Pozza, widower, for and in consideration of the sum of $200 cash and the assumption of $400 mortgage, to us in hand paid by J. E. Felker, trustee, do hereby grant, bargain, sell and convey to the said J. E. Felker, trustee, his heirs and assigns, the following described lands, situated in Washington County, State of Arkansas, towit.''

On the 27th day of November, 1912, which was a day of the August term of the chancery court, the chancellor heard the case and found the issues in favor of the plaintiff, rendered judgment against James Pozza and John E. Felker for the mortgage debt, and entered a decree foreclosing the mortgage.   On that day, the record shows that the court adjourned until Friday, November 27, 1912.   On the 29th, court met pursuant to adjournment, and adjourned until December 28, 1912.   On December 17, 1912, J. E. Felker filed a motion to quash the execution in the above-styled case.   On December 24, 1912, the defendant, W. R. Felker, made a motion to set aside the judgment and decree in the above entitled cause; and on the same day the court made an order staying the execution upon John E. Felker, giving a bond with W. R. Felker and A. L. Williams as his sureties, whereby they undertook and agreed to pay to the plaintiff, Nora B. Rice, the said judgment of the chancery court or any final judgment that might be rendered in said cause in case said judgment of the chancery court be sustained and the motions to set aside and vacate the same and to quash the execution be overruled.   At the same term of the court, on the 28th day of December, the court made the following order:

"On this day it appears to the court that the separate motions of J. E. Felker and W. R. Felker were filed in vacation.   Amended answer of J. E. Felker was filed by permission of the court over objections of plaintiff, Nora B. Rice, and defendants, James and John Pozza.   This cause be continued and set for February,

1913, term. James Pozza required to appear in open court to testify at such time as may be fixed for. Payment of expenses $3 per day by J. E. Felker.''

The testimony of James Pozza was taken, and he admitted that he executed the note sued on by the plaintiff and also a mortgage on certain real estate in Washington County, Arkansas, to secure the same, and that the note and mortgage were due and unpaid. He stated that he sold twelve and one-half acres of the land embraced in this mortgage to J. E. Felker for $600; that Felker paid him $200 and agreed to assume and pay his mortgage debt to the plaintiff as a part of the consideration for the deed; that he afterward paid $25 interest on the mortgage debt, but never paid anything further, and that he expected Felker to pay the mortgage debt as he had agreed to do.

J. E. Felker for himself testified, and stated that he was cashier of the bank at Rogers, but denied that James Pozza executed the deed in question to him, and denied that he assumed, or agreed to pay, the mortgage debt of Pozza to the plaintiff, Nora B. Rice. He denied that he was a member of the Tontitown Townsite Company, and denied that Captain Willie and P. Bandini were members of any such company.

The deed record shows that J. E. Felker, jointly with S. R. Willie, on the 13th day of April, 1910, executed to P. Bandini a deed which, among other things, contains the following recital: ''This deed is executed by us as members of the Tontitown Townsite Company, a partnership composed of J. E. Felker, R. S. Willie and Pietro Bandini.''

Felker further testified that he did not know James Pozza; had never met him, and had never had a conversation with him relative to the purchase of the land.

Pozza was an Italian, and testified that he sold the land to John E. Felker in the office of the Bank of Rogers; that there were several gentlemen present, and that he can not now recognize or identify the one who represented himself to be John E. Felker.

It was stipulated that the deposition of James Pozza, taken as evidence on the motion to set aside the original decree in this case, should be treated and considered as the evidence he gave at the trial of the case before the original decree was made.

On March 1, 1913, being a day of a subsequent term of the chancery court, the motions of W. R. and J. E. Felker were heard by the chancellor, and a decree was entered overruling the motion to set aside and annul the judgment and also the motion to set aside and quash the execution. The injunction issued on the 24th day of December, 1912, staying further proceedings under the original decree and the execution issued on it, was dissolved, and judgment was entered against W. R. Felker and A. L. Williams, the sureties on the injunction bond, for the amount of the debt sued on by the plaintiff. The defendants have duly prosecuted an appeal from both decrees of the chancery court. Other facts will be stated or referred to in the opinion.

*Dick Rice,* for appellants.

1. The chancellor is presumed to have considered only competent testimony (141 S. W. 507), and there was no competent evidence to sustain the original decree. Kirby's Dig., § 6128; 16 Cyc. 968. The *best* evidence must be produced, or the absence explained. 17 Cyc. 485; 88 S. W. 871; 90 S. W. 1003; 36 *Id.* 22; 130 *Id.* 556. Where there is no statute, neither the record nor copies are competent. Jones on Ev. (2 ed.) 657.

2. If Felker agreed to pay the mortgage note in writing, such writing should have been produced; if in parol, the agreement should have been proved clearly. 32 Pac. 1091; 35 *Id.* 816; 22 N. Y. 438; 48 Pac. 865; 42 Ark. 197.

3. Parol evidence of the contents of a record is only admissible after proof of its loss or destruction. 26 Ark. 164. The fact that a deed is found of record is not proof of delivery and acceptance. 71 N. E. 986.

4.  Ratification must be clearly and satisfactorily established.  *36 N. E. 1088.*

5.  The decree was premature.  23 Cyc. 750; 42 Ark. 268.

6.  The motion to quash the execution and set aside the decree should have been granted.  Kirby's Dig., §§ 3224-6, 4431, 3215; 102 S. W. 117; 21 Ark. 18; Kirby's Dig., § 4424.

*E. S. McDaniel,* for appellee.

1.  One who is aggrieved by a judgment rendered in his absence must show that he was not summoned, and that he did not know of the proceedings in time to make defense.  50 Ark. 462; 101 *Id.* 142.

2.  The court was without power to set aside the decree after adjournment for the term.  33 Ark. 454; 97 *Id.* 314.

3.  The agreement to assume the mortgage as part of the consideration was proved; it was a promise for the benefit of appellee upon which she could sue.  93 Ark. 352; 3 Page on Cont., § 1307; 2 Warvelle, Vendors (2 ed.), § 645.

HART, J., (after stating the facts).  It is insisted that the court erred in admitting the deed record as evidence of the deed from James Pozza to John E. Felker, because the original deed was in existence and was the best evidence, and that the testimony of the clerk set out in the statement of facts should not have been received in evidence for the same reason.  In support of his position, counsel cites the case of *Pendergrass* v. *Allan,* 101 Ark. 365; but we do not think that case sustains his position. There objection was made to the introduction of the evidence.  Here no objection was made to the introduction of the evidence so far as the record discloses.  In regard to a precisely similar contention to that now made by counsel for defendant, in the case of *Allan* v. *Ozark Land Company,* 55 Ark. 549, the court said:

"It is contended that the testimony of Cobbs as to the contents of the records in his office was not compe-

tent, because the records or certified copies thereof were the best evidence of their contents. This is true. But it does not appear in the record in this case that there was any objection to its admission as evidence. Appellant had the right to waive the production of the records or certified copies of the same, and accept proof of their contents, and did so by his silence. Failing to object, he thereby lulled the appellee into repose and deprived it of the opportunity of offering better evidence. Had the testimony of Cobbs been incompetent for any purpose or on any condition, the circuit court should have given it no consideration, and in weighing the evidence should have excluded it on its own motion. In such cases the failure of a party to object does not add to the probative force of the incompetent testimony; but in case of secondary evidence, if he waives the conditions on which its admissibility depends, he thereby gives to it full force as evidence. This is the rule in actions of law. *Frauenthal* v. *Bridgeman,* 50 Ark. 348. The same rule prevails in actions in equity.''

It is also urged that the decree should be reversed because the plaintiff failed to make the note an exhibit to her complaint; but no objection was made to her not doing so, and, under our familiar rules of practice, her failure to do so will be taken as waived by the defendant. The mortgage sought to be foreclosed was made an exhibit to the complaint and was read in evidence and considered by the chancellor with the complaint. *Neff* v. *Elder,* 84 Ark. 277. The testimony shows that the deed from Pozza to John E. Felker was duly acknowledged and filed for record, and, after it was recorded, was sent by the clerk to Felker at Rogers, where he resided. The deed was afterward found in his possession. The deed recites that the consideration was $200 cash and the assumption of a $400 mortgage. Thus, it will be seen that the deed contains a stipulation that the property was subject to a mortgage which the grantee agreed to pay. In such cases, a duty is imposed on him by the acceptance of the deed, and the law implies a promise to per-

form it.  See *Patton* v. *Atkins,* 42 Ark. 197.  Besides,
Pozza testified that Felker agreed to assume and pay off
the mortgage as a part of the consideration for the deed.
Parol evidence to establish this fact was held to be com-
petent in the case of *J. H. Magill Lumber Co.* v. *Lane-
White Lumber Co.,* 90 Ark. 426.  So, too, in the case of
*Strohauer* v. *Voltz,* 42 Mich. 444, the Supreme Court of
that State, speaking through Mr. Justice Cooley, held:

"A deed containing a covenant of warranty 'against
all lawful claims whatsoever subject to a certain mort-
gage given by the parties of the first part for one thou-
sand dollars,' merely leaves the title subject to be de-
feated by a failure to pay the mortgage debt, but does not
bind the grantee to pay it.  And the exception is not such
a written contract as will exclude evidence to show that
in addition to the consideration expressed, the grantee
had also agreed to pay off the mortgage.  The exception
and the agreement are distinct."

The learned justice, in the opinion, said that such
rule of evidence was not in any respect opposed to the
well-known rule that parol proof can not be introduced
to add to and vary written instruments.  If plaintiff was
unable to satisfy her debt against Pozza by the foreclos-
ure of the mortgage, Pozza would be personally liable for
the deficiency, and Felker, having assumed the mortgage
debt and agreed to pay it, stood in the position of surety
for the debt.  The doctrine is stated in *Mount* v. *Van
Ness,* 33 N. J. Eq. 262, as follows:

"The mere assumption to pay the mortgage on the
land, if made by the grantee to the grantor, is at most
an indemnity merely; and though, if the grantor be per-
sonally liable for the payment of the mortgage, the mort-
gagee may, in equity, pursue the grantee on his assump-
tion, that, however, is because, and only because, the
mortgagee is, in equity, entitled to the benefit of all col-
lateral securities which his debtor has taken for the mort-
gage debt. * * * And if the grantor is not personally lia-
ble for the mortgage debt, the mortgagee can not look to
the grantee, personally, at all; because the assumption is

but an indemnity, and, the grantor not being liable, the indemnity is practically a mere nullity.''

It is contended that the original decree should be reversed because it was prematurely entered. The defendant, Felker, filed his answer on the 9th day of September, 1912, and on the 12th day of October, 1912, at the same term of the court, the chancery court records show that Felker was given ten days from that date within which to file an amended answer, and that the testimony of James Pozza would be taken in court on the 27th day of November, 1912. The defendant, Felker, should have taken notice that the case would come up on that day for further proceedings, and might be reached for final hearing on the call of the calendar. He did not file his amended answer, and did not appear in court on the 27th day of November, and is not now in position to claim that the judgment was prematurely entered. It is true that on a subsequent day of the same term of court he filed a motion to set aside the decree, and gave his reasons therefor; but he did not press this motion to a hearing, and it was not heard and determined until a subsequent term of the court. After the expiration of a term at which a decree is rendered, the court rendering the decree has no power to set it aside or modify it, except upon application under the statute and for some cause therein specified, or by bill of review under the chancery practice. *Turner* v. *Vaughan,* 33 Ark. 455; *Terry* v. *Logue,* 97 Ark. 314. But if the motion to set aside the decree be treated as an application under the statute, and for the causes therein specified, still the decree of the chancellor must be affirmed on the whole record. We have already adverted to the evidence introduced by the plaintiff in our discussion of the original decree, and it is not necessary to repeat it. It is true that John E. Felker testified that Pozza did not convey to him any part of the land embraced in the mortgage, and that he did not assume or agree to pay the mortgage debt. He stated that he had no acquaintance with Pozza, and had never had any dealings with him; but it must be remem-

bered that Pozza testified that he did execute the deed, and that he assumed and agreed to pay the mortgage debt of Pozza to plaintiff. The deed was acknowledged and filed for record, and this was *prima facie* evidence of its delivery. *Estes* v. *German National Bank,* 62 Ark. 7. And the clerk testified that after he had recorded the deed, he mailed it to the defendant at Rogers, Ark., where he resided. Besides that, the deed was afterward found among Felker's papers. It will be noted that Felker testified that no such company as the Tontitown Townsite Company, composed of himself and others, existed; and the record shows that Felker executed a deed, as a member of the Tontitown Townsite Company, which was recited to be a partnership composed of himself and others. It is true, that Pozza was not able to identify Felker at the time he testified, but he testified that the trade was made whereby he agreed to convey the land to Felker in the office of the bank of which Felker was cashier at Rogers, and said that there were several gentlemen present but, not having any previous acquaintance with them, he did not recollect which one was John E. Felker. Pozza had had no previous acquaintance with Felker, and this may account for the fact that he could not identify him at the hearing. Under all the circumstances of the case, and, considering the multitude of business transactions had by Felker as cashier of the bank, it is probable that he did not remember the transaction with Pozza. In any event, the chancellor, on the whole record, found in favor of the plaintiffs, and refused to set aside the decree, and it can not be said that his finding was against the clear preponderance of the evidence.

Finally, it is objected that the court rendered judgment against W. R. Felker and A. L. Williams, who became sureties on the injunction bond to stay the execution issued after the original decree was entered of record, and to enjoin the enforcement of the decree. The injunction stayed the proceedings on the original decree and enjoined its enforcement, so that immediately on the dissolution of the injunction the chancellor was empow-

ered to render judgment against the principal and sureties on the injunction bond according to its terms. Kirby's Digest, § 3998; *Greer* v. *Stewart,* 48 Ark. 21; *Stanley* v. *Bonham,* 52 Ark. 354. Moreover, these same parties, A. L. Williams and W. R. Felker, have signed the supersedeas bond in the appeal of J. E. Felker from the judgment rendered against him on November 27, 1912. The judgment and decree against J. E. Felker having been affirmed, the plaintiff is entitled to judgment against him, and also his sureties on the supersedeas bond. Therefore, no prejudice could in any event result to W. R. Felker and A. L. Williams, and it is well settled that we only reverse judgments and decrees of the lower court for errors which are prejudicial to the rights of appellants.

It follows that the decree must be affirmed.