WALKER *v.* MATHIS.

Opinion delivered April 23, 1917.

1. MORTGAGES—CONVEYANCE OF MORTGAGED PROPERTY—ASSUMPTION BY PURCHASER.—When mortgaged property is conveyed by warranty and, the deed stipulating that the property was subject to a mortgage which the grantee agreed to pay, *held,* by the acceptance of the deed the law implies a promise by the grantee to pay the mortgage and if the mortgagee cannot make the amount of the debt out of the mortgagor and the foreclosure of the mortgage, the grantee, having assumed the debt, and having agreed to pay it, stands in the position of surety of the mortgagor.

2. MORTGAGES—SALE WITH ASSUMPTION OF DEBT—PAYMENT BY MORTGAGOR—RIGHT AGAINST GRANTEE.—Under the facts above, if the mortgagor had paid the mortgage debt, he would be entitled to judgment against the grantee for the amount of the mortgage debt.

3. MORTGAGES—SALE OF MORTGAGED PROPERTY—ASSUMPTION OF DEBT—RIGHTS INTER SE OF SEVERAL PURCHASERS.—One V. owned 80 acres of land subject to a mortgage for $300. He sold 40 acres to one W., who agreed to pay the entire mortgage. He sold the other 40 acres to one M. The mortgage was foreclosed, W. purchasing his 40 acres for $160, and M. purchasing the other 40 acres for $224. *Held,* M. was subrogated to V.'s right against W. under W.'s agreement to pay the entire mortgage, and could recover from W. the amount paid by him.

4. MORTGAGES—PURCHASE OF EQUITY OF REDEMPTION.—Where a subsequent owner of the equity of redemption (if not the mortgagor) pays a prior mortgage, the payment does not operate as an extinguishment of the first mortgage to the prejudice of any existing rights of the purchaser, but the transaction will be treated simply and purely as an assignment of the first mortgage.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*John E. Miller,* for appellant.

1. Mathis voluntarily assumed the payment of the Neal notes to Vincent, which are not yet due. He is not the grantee of Walker. No personal judgment should have been rendered against him. 46 Ark. 132; 31 *Id.* 155; *Ib.* 411; 49 *Id.* 457; 51 *Id.* 205; 64 *Id.* 627; 85 *Id.* 59. Mathis was not a party to the contract. 9 Cyc. 380; 6 R. C. L., § § 274-5; 65 Ark. 29. See also 65 Ark. 29, 30; 86 *Id.* 218; 101 *Id.* 226; 110 *Id.* 589; 122 *Id.* 414.

2. There was no privity of contract between the parties. Bouvier's Law Dict., Vol. 3, p. 2722; 3 Words & Phr. (2 ed.), 1217 to 1221; 122 Ark. 414.

3. All the deeds were warranty deeds. The covenant is not one that runs with the land and is broken as soon as a conveyance is made. It is only a chose in action and does not pass with the land to the assignee. 5 Conn. 497; 60 Mass. 124; 137 *Id.* 151; 57 *Id.* 318; 147 Pa. St., 23 Atl. 560; 155 Mass. 79, 28 N. E. 1132; 11 Cyc. 1087; 1 Ark. 313, 334; 7 *Id.* 144; 74 *Id.* 348; 95 *Id.* 438; 42 Pac. 257.

4. Mathis was not subrogated to any right against Walker. 5 Elliott on Const. 872-3; 51 Ark. Law Rep. 69.

The appellee, *pro se.*

1. Appellee is entitled to equitable subrogation. 27 Cyc. 1349. Walker was personally liable. *Ib.* 1353; 80 Ind. 443; 29 W. Va. 840.

2. Appellee was not a volunteer—he was forced to pay to protect his land, and is clearly subrogated. 27 S. W. 40; 124 U. S. 534; 59 N. Y. Supp. 789, 791; 53 Pac. 472; 59 Kan. 470; 177 Ind. 551; 19 N. E. 199; 78 N. W. 303; 57 Neb. 717.

HART, J. On the 18th day of June, 1910, J. H. Vincent executed a mortgage on two forty-acre tracts of land adjoining each other in White County, Arkansas, to the New England Securities Company for the sum of $300 with certain interest coupons. On the 8th day of November, 1912, J. H. Vincent conveyed the north forty acres to Z. M. Walker, for the consideration of $100 cash in hand

paid, and the further sum of $300 for which vendor's lien was retained to be paid to the New England Securities Company on December 1, 1914. On the 28th day of October, 1913, Z. M. Walker and wife conveyed this tract of land to James Will Dowen for the sum of $400, one hundred dollars of which was paid in cash, and the further sum of $300 to be paid to the New England Securities Company for which vendor's lien was retained. On the 8th day of November, 1912, J. H. Vincent conveyed to C. A. Neal the south forty acres in consideration of the sum of $500, for which vendor's lien was retained, payable at the rate of $100 annually for the next succeeding five years. On the 24th day of November, 1913, C. A. Neal and his wife conveyed said forty acres to Y. H. Mathis for the sum of $500, which was paid. The mortgage debt of the New England Securities Company was not paid, and it instituted an action to foreclose its mortgage. J. H. Vincent and his subsequent grantees were all made parties to the suit.

Y. H. Mathis filed a separate answer to the plaintiff's complaint and a cross-complaint against Z. M. Walker. He asked that the land conveyed to Z. M. Walker be first sold for the payment of the mortgage debt, and in effect asked that he be subrogated to the rights of the mortgage company.

Walker filed an answer in which he denied that Mathis should have a judgment against him or that his land be first sold for the payment of the mortgage debt. The mortgage debt amounted to $327.58. At the sale, the land which had been conveyed to Z. M. Walker was sold for $160 and Walker became the purchaser thereof. The land which had been conveyed to Mathis was sold for the sum of $224, which was necessary for the payment of the balance of the mortgage debt and the costs. Mathis bid in his land. In the subsequent term of court the chancellor entered a decree in favor of Mathis against Walker for said sum of $224. Z. M. Walker has appealed.

In addition to the foregoing facts, it may be stated that the deeds from Vincent to Y. H. Mathis and the other parties named above are warranty deeds; that James Will Dowen is dead and his estate is insolvent; that J. H. Vincent is insolvent and that C. A. Neal is a nonresident of this State and has no property in it.

We think the decision of the chancellor was correct. In *Felker* v. *Rice,* 110 Ark. 70, the mortgagor conveyed the mortgaged premises by warranty deed and the deed contained a stipulation that the property was subject to a mortgage which the grantee agreed to pay. It was held that, by the acceptance of the deed, the law implied a promise by the grantee to pay the mortgage, and if the mortgagee could not make the amount of the debt out of the mortgagor and the foreclosure of the mortgage, the grantee, having assumed the debt, and having agreed to pay it, stood in the position of a surety to the mortgagor.

In the instant case, Walker was the grantee of Vincent the mortgagor. Vincent conveyed forty acres of the mortgaged property to Walker and Walker assumed to pay off the mortgage debt. This was recited in the deed. So in the application of the rule laid down in *Felker* v. *Rice, supra,* Walker became the surety of Vincent. The record shows that Mathis was a purchaser in good faith for value of part of the mortgaged premises and that his immediate grantor, C. A. Neal, was a nonresident of this State and had no property in it; that Vincent was insolvent and that Walker had assumed to pay $300 of the mortgage debt. Under these circumstances, Mathis was not a volunteer but discharged the mortgage debt in order to protect his own interest, and he is entitled to be subrogated to the rights of Vincent, his grantor. This is in application of the maxim that, equity regards that as done which ought to be done, and looks to the intent rather than to the form. Vincent, if he had paid the mortgage, would be entitled to a judgment against Walker for the amount of the mortgage debt, which Walker in his deed assumed to pay, and Mathis having

paid off a part of the mortgage debt in order to protect his own interests, was entitled to be subrogated to the rights of Vincent.

It is, also, a well-settled rule in equity that, where a subsequent owner of the equity of redemption (if not the mortgagor) pays a prior mortgage, the payment shall never operate as an extinguishment of the first mortgage to the prejudice of any existing rights of the purchaser, but the transaction will be treated simply and purely as an assignment of the first mortgage. Merwin on Equity & Equity Pleading, § 628, 3 Pomeroy's Equity Jurisprudence, § § 1211 and 1212. Several well considered cases are cited in support of the text. So it may be said in the application of this equitable rule that Mathis would be entitled to be subrogated to the rights of the New England Securities Company, the mortgagee.

It follows that the decree will be affirmed.