WALLACE *v.* HAMMONDS.

Opinion delivered April 12, 1926.

1. MORTGAGES—ASSUMPTION OF MORTGAGE DEBT—ENFORCEMENT.— Where a purchaser of mortgaged lands from the mortgagor assumes and agrees to pay the mortgage debt, he becomes personally liable therefor, which liability inures to the benefit of the mortgagee, who may enforce it in an appropriate action.

2. MORTGAGES—ASSUMPTION OF MORTGAGE DEBT—RELEASE.—Under the rule that a contract between a mortgagor and his grantee whereby the latter assumed the mortgage debt may be rescinded at any time before the mortgagee has accepted or asserted his rights thereunder, a grantee, having assumed a mortgage debt,

is not released by a reconveyance tò the mortgagor and reassumption of the debt, unless the reconveyance was made before suit was brought by the mortgagee to enforce the grantee's liability.

3. MORTGAGES—RELEASE—BURDEN OF PROOF.—Where, in a suit by a mortgagee against the mortgagor's grantee, who assumed the debt, the grantee set up that he had been released from such asumption by a resale of the land to the mortgagor and a reassumption of liability by him, the grantee had the burden of proving such release.

Appeal from Sevier Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

### STATEMENT OF FACTS.

This is an action in the chancery court by Mrs. L. A. Hammonds against D. T. Hobbs and E. M. Hobbs, his wife, L. W. Wallace and Effie Wallace, his wife, to foreclose a mortgage on a certain tract of land in Sevier County, Arkansas.

The complaint particularly describes the land and alleges that the mortgage indebtedness is due and unpaid. It is further alleged that, on the 18th day of July, 1921, the defendants, D. T. Hobbs and E. M. Hobbs, conveyed said land by deed to L. W. Wallace and Effie Wallace, and that, as a part of the consideration therefor, said L. W. Wallace and Effie Wallace assumed and agreed to pay said mortgage indebtedness. The mortgage is made an exhibit to the complaint, and shows that it was duly executed and recorded. The deed from D. T. Hobbs and E. M. Hobbs to L. W. Wallace and Effie Wallace was also made an exhibit to the complaint.

L. W. Wallace and Effie Wallace filed an answer in which they admitted that they purchased the land from the defendants, D. T. Hobbs and E. M. Hobbs, on July 18, 1921, and assumed the payment of the mortgage indebtedness of D. T. Hobbs to Mrs. L. A. Hammonds. They alleged further in their answer that they resold the land to the defendant, D. T. Hobbs and E. M. Hobbs, and that, as a part of the consideration, the said D. T. and E. M. Hobbs released them from any liability from

the assumption of said mortgage indebtedness. In this connection it may be stated that the suit to foreclose the mortgage was commenced on the 24th day of March, 1924, and that the answer was filed on December 21, 1924.

Mrs. Hammonds filed a demurrer to the answer of the defendants, L. W. Wallace and Effie Wallace. The court sustained the demurrer, and the defendants refused to plead further and elected to stand upon their answer. Thereupon a decree of foreclosure was entered of record, and it was also decreed that Mrs. L. A. Hammonds recover of the defendants, L. W. Wallace and Effie Wallace, the sum of $699.10, which was the amount. of the mortgage indebtedness assumed by them. The case is here on appeal.

*McMillen & Scott,* for appellant.

*E. K. Edwards,* for appellee.

HART, J., (after stating the facts). It is well settled in this State that, where a purchaser of mortgaged lands from the mortgagor assumes and agrees to pay the mortgage thereon, he becomes personally liable therefor, which liability inures to the benefit of the mortgagee, who may enforce it in an appropriate action. *Felker* v. *Rice,* 110 Ark. 70; *Walker* v. *Mathis,* 128 Ark. 317; *Kirby* v. *Young,* 145 Ark. 507; and *Beard* v. *Beard,* 148 Ark. 29.

Counsel for the defendants recognized this as the rule laid down by this court, but claim that the personal liability of a grantee asuming the mortgage is sustained under the equitable doctrine of subrogation. It is pointed out that the cases cited in our opinion on the subject are from other States, where it is held that the grantee by his contract assuming the mortgage debt becomes the principal debtor, and his grantor, the mortgagor, becomes his surety. Hence the mortgagee is entitled to the benefit of this contract, though he was not a party to it, under the familiar doctrine that a creditor is entitled, by equitable subrogation, to all securities held by a surety of the principal debtor. See 21 A. L. R. 451, where our own decisions, the decisions of courts of last resort of other States, and of the Supreme Court of the United States,

are cited. Hence they contend that, under these decisions, a contract between a mortgagor and his grantee, whereby the latter assumes and agrees to pay the mortgage debt, may be rescinded at any time before the mortgagee has accepted the agreement or asserted his rights thereunder. See cases cited in note to 21 A. L. R. at p. 462.

This doctrine however does not help the case of the defendants any. It is true that L. W. Wallace and Effie Wallace allege in their answer that they resold and reconveyed said land to the defendants, D. T. Hobbs and E. M. Hobbs, and that, as a part of the consideration, said D. T. and E. M. Hobbs agreed to pay the sum due by them to the plaintiff, but the trouble is they did not allege or prove when this reconveyance was made.

The complaint seeking foreclosure of the mortgage was filed on the 24th day of March, 1924, and the answer of the defendants, L. W. and Effie Wallace, was not filed until December 21, 1924. It may be that the resale by them to D. T. Hobbs and wife occurred after the present action was instituted. This was a matter peculiarly within their own knowledge, and, if they relied upon the release as a defense to the action, it was their duty to plead it. *Swan* v. *Benson,* 31 Ark. 728; *Burke* v. *M. E. Leming Lbr. Co.,* 121 Ark. 194; and 23 R. C. L. § 44, pp. 414 and 415.

Section 1194 of Crawford & Moses' Digest provides that the answer shall contain a statement of any new matter constituting a defense in ordinary and concise language. The plea that L. W. Wallace and Effie Wallace were released from their assumption of the mortgage debt by their resale of the land to D. T. Hobbs and wife constituted new matter, and the burden of proof was on the pleader. The answer is not evidence of the new matter set up in defense of the action, and, in the absence of any proof to establish it, the chancery court properly entered a decree in favor of the plaintiff, when the defendants elected to stand upon their answer.

Therefore the decree will be affirmed.