CENTRAL LIFE INSURANCE COMPANY OF ILLINOIS v. THOMPSON.

Opinion delivered November 17, 1930.

708

*Arnold & Arnold* and *King, Mahaffey, Wheeler & Bryson,* for appellant insurance company.

*H. M. Barney* and *Frank S. Quinn* for Thompson; *J. M. Carter* and *B. E. Carter,* for Texarkana National Bank; *James D. Head* for Louis Heilbron.

KIRBY, J., (after stating the facts). Appellant insists that the chancellor erred in refusing to render a personal judgment against Louis Heilbron, upon his obligation to pay the indebtedness due under the mortgage, upon foreclosure thereof; while it is contended for Heilbron that upon his conveyance of the lands to Floyd Thompson, who assumed the debt, he became thereby only a surety for Thompson, and was released from the payment of the debt by appellant's granting Thompson an extension of time for payment of the loan, without his assent or notice to him thereof.

In *Wallace* v. *Hammonds,* 170 Ark. 952, 281 S. W. 902, the court held, that a purchaser of lands from the mortgagor, who assumed or agreed to pay the mortgage indebtedness, would become personally liable therefor, saying: "It is well settled in this State that, where a purchaser of mortgaged lands from the mortgagor assumes and agrees to pay the mortgage thereon, he becomes personally liable therefor, which liability inures to the benefit of the mortgagee, who may enforce it in an appropriate action. *Felker* v. *Rice,* 110 Ark. 70, 161 S. W. 162; *Walker* v. *Mathis,* 128 Ark. 317, 194 S. W. 702; *Kirby* v. *Young,* 145 Ark. 507, 224 S. W. 970; and *Beard* v. *Beard,* 148 Ark. 29, 228 S. W. 734.

It has also been held, that an agreement, between the purchaser of mortgaged lands with the mortgagor, to pay the mortgagor's debt to the mortgagee, may be rescinded without the latter's knowledge or consent, where no privity of contract has been established by the mortgagee's acceptance of the purchaser as the debtor; but such agreement cannot be rescinded by reconveyance to the mortgagor without consent of the mortgagee, after the latter has been notified of such assumption and has extended the time of making the payment to the purchaser, and the property has, meanwhile, decreased in value. *McCown* v. *Nicks,* 171 Ark. 260, 284 S. W. 739.

The lands were conveyed by the mortgagors to Thompson and Heilbron, subject to the mortgage only, without the assumption by them of the debt or agreement to pay it. When the debt became due, however, Thompson and Heilbron procured an extension of five years' time thereon, from appellant company, executing at the time their written contract, designated "Mortgage Renewal Agreement," reciting the whole transaction, and, as owners of the fee title, jointly and severally bound and obligated themselves to appellant company, "present owners and holders of the mortgage," to pay the said principal sum of money, together with interest thereon at the rate of six per cent. per annum, payable annually, from November 1, 1922, on the first day of November, 1927, to which time the payment of the said principal debt is hereby extended with the terms, tenor and stipulations contained in the said mortgage.

"As evidence of the installments of interest on the said principal debt, Floyd Thompson and Louis Heilbron have this day signed five interest coupons for the sum of nine hundred ($900) dollars each, and we expressly agree that such interest coupons shall form a part of the contract evidenced by said note, mortgage and this renewal agreement and be subject to the terms, conditions and stipulations therein contained." Thus it will be seen that, although a vendee of a mortgagor of the lands included in the mortgage may rescind the contract

of purchase, where the lands were conveyed subject only to the mortgage, without the consent or assent of the mortgagee, he cannot do so when the conveyance of the mortgaged lands was made to him upon his assumption or agreement to pay the mortgage debt, without the knowledge, consent or acquiescence of the holder of the mortgage debt after privity has been established between the lien holder and the vendee, who has assumed the debt. *A fortiori* in the instant case nothing could be done by the vendor of the mortgaged lands and the purchaser thereof, subject to the mortgage, that could release such vendee from liability on his joint and several note to the mortgagee, binding himself to the payment of the mortgage debt by the valuable consideration of an extension of time thereon. Having bound himself by a valid written contract to the mortgagee for a valuable consideration for the payment of the mortgage debt, he could not escape liability under such obligation upon any contract, agreement or conveyance thereafter made between himself and his co-obligor on the contract to pay the mortgage debt without the assent or consent of the holder of such obligation, which was not given in this case.

The conveyance by Heilbron of the mortgaged land, purchased by him and Thompson subject to appellant's mortgage, to Thompson, subject to said mortgage and upon assumption by him of the mortgage debt, could not therefore have had effect to release Heilbron from the binding force of his obligation made to the mortgagee to pay the mortgage debt without the knowledge and consent of the mortgagee. There was no agreement between the parties by which Thompson became the principal debtor of the mortgagee and Heilbron the surety, and certainly, without such agreement, the conveyance by one of the grantees of the mortgaged land to the other subject to the mortgage and the grantee's assumption of the debt could not have effect to release Heilbron from his obligation to the mortgagee to pay the mortgage debt. Even if it had been shown that Heilbron had only be-

come the surety of Thompson, it was incumbent on him to show, as a part of his defense, that the indulgence given by the mortgagee in the extension of time to Thompson was without his assent, which was not done. Heilbron was not bound to pay the mortgage debt because of the conveyance of the mortgaged lands to him and Thompson subject to the mortgage, not having agreed to assume the debt, but by his contract with the mortgagee for its payment, from which he could not be released without the consent or acquiescence of the lien holder. In other words, he was bound upon his valid contract for a valuable consideration made direct to the mortgagee to pay the mortgage debt, and any assumption of such debt or agreement between him and his co-obligor upon the contract to pay the mortgage debt, for the conveyance of his interest in the lands, could not have released him from such obligation, the mortgagee not consenting thereto. *McCowan* v. *Nicks, supra; Sheppard* v. *May,* 115 U. S. 505, 6 S. Ct. 119; *Watson* v. *First State Bank,* (Tex.) 237 S. W. 1106; *Shapleigh Hardware Co.* v. *Chestnut,* 90 Tex. 110, 37 S. W. 411; *Johns* v. *Wilson,* 180 U. S. 448, 21 S. Ct. 445; *Willard* v. *Wood,* 164 U. S. 520, 17 S. Ct. 176; *Cucullu* v. *Hernandez,* 103 U. S. 756. In the latter case the court said: "It cannot, we think, be reasonably claimed that a debtor is converted into a surety, by his creditor's acceptance of an additional promise from a third person to pay the debt due him by his debtor. There is no element of suretyship in such a contract, unless it be that the additional debtor might be regarded as surety for the original debtor. The relation between the creditor and the original debtor is not changed by such an arrangement." See also *Felker* v. *Rice, supra; Walker* v. *Mathis supra; Iowa Title & Loan Co.* v. *Clark Bros.,* (Ia.) 224 N. W. 744; *Herbold* v. *Shelly,* 224 N. W. 781; *Royal Union Life Co.* v. *Waggoner,* 227 N. W. 599; *Wolfe* v. *Murphy,* 47 App. D. C. 296; and *Hamiter* v. *State National Bank, Texarkana,* 106 Ark. 157, 153 S. W. 94.

Little need be said in disposing of the appeal of Thompson against the bank. It is insisted by the bank that the court erred in allowing the admission of parol testimony to contradict, vary and add to the terms of the contract of settlement between the parties, and the contention must be sustained.

The written contract recites the many reciprocal agreements and obligations of the respective parties, and the statement therein, as to the consideration, is more than a mere statement of fact and acknowledgment of payment of a money consideration, and is of a contractual nature, and the part of the contract relative thereto can no more be changed or modified by parol or extrinsic evidence than any other part. *Mott* v. *American Trust Co.,* 124 Ark. 70, 186 S. W. 631; *Williams* v. *C. R. I. & P. Ry. Co.,* 109 Ark. 82, 158 S. W. 967; *Delaney* v. *Jackson,* 95 Ark. 135, 128 S. W. 859; 10 R. C. L. 1044; *Sims* v. *Best,* 140 Ark. 384, 215 S. W. 819; 30 L. R. A. 442; *Cleveland-McLeod Lbr. Co.* v. *McLeod,* 96 Ark. 405, 131 S. W. 878; *Ashley D. & N. Ry. Co.* v. *Cunningham,* 129 Ark. 346, 196 S. W. 798; and *Harris* v. *Trueblood,* 124 Ark. 308, 186 S. W. 836.

Moreover, a careful examination of the record of all the testimony does not disclose that the chancellor's finding that the bank had not assumed to pay off any of the prior mortgages or liens against the property conveyed to it by Thompson in settlement of his obligations to the bank, is contrary to the preponderance of the testimony, but rather that the preponderance of the testimony supports the chancellor's finding that no such agreement or obligation was imposed upon the bank by said settlement; and the decree as to the bank must be affirmed.

It follows that Heilbron was liable to the payment of the mortgage debt, his note or obligation therefor, and the court erred in not so holding and rendering judgment against him for the balance remaining due after the application of the proceeds of the lands sold under foreclosure to the payment thereof. For such error the

decree must be reversed, and the cause remanded, with directions to enter a decree in conformity with this opinion as to Heilbron, and the decree on the appeal of Thompson against the bank will be affirmed. It is so ordered.

McHANEY and BUTLER, JJ., dissent on the reversal.