ELLIOTT *v.* CRAVENS.

Opinion delivered December 15, 1930.

894

Joseph R. Brown, for appellant.

Cravens & Cravens, for appellee.

SMITH, J.. The facts out of which this litigation arose are recited in the decree from which this appeal comes, and are as follows:

On December 23, 1924, Jeff P. Nix and wife borrowed $1,350 from the Lyman Real Estate Company, and as security therefor executed a mortgage on two lots in the city of Fort Smith. On March 6, 1926, the real estate company assigned this mortgage and the debt which it secured, without recourse, for value, to R. L. Elliott. On February 19, 1925, Nix and wife conveyed these lots to Ben Cravens, it being recited in the deed to him that he assumed and agreed to pay the mortgage in favor of the Lyman Real Estate Company.

The court found the fact to be that Cravens was unaware of this provision in the deed to him, and that he never, in fact, assumed that debt or agreed to pay it.

The court further found that, by deed dated October 26, 1927, Cravens and wife conveyed the lots to Dyer Meadors and wife, and that these grantees, in their turn, assumed and agreed to pay the Lyman Real Estate Company mortgage.

Upon this finding of fact the court decreed a lien on the lots for the amount of the mortgage and the interest thereon, and ordered the property sold in satisfaction of the lien, but refused to render a personal judgment against Cravens.

Cravens' testimony was to the following effect: In February, 1925, he and O. J. Hawkins owned a farm in Crawford County, for which Jeff Nix offered to trade other property. The offer was accepted, and Nix conveyed the lots in Fort Smith to Cravens and other prop-

erty to Hawkins for their Crawford County farm. The deed from Nix to Cravens, as well as the deed from Nix to Hawkins, were both delivered to Hawkins, who, without submitting them to Cravens, caused them to be recorded, and Cravens did not, in the trade, agree to assume and pay the mortgage on the Nix property. Hawkins' testimony was to the same effect.

According to the recitals of the deed from Nix to Cravens, that conveyance was not made subject merely to the outstanding mortgage in favor of the real estate company, but was made upon the consideration of the assumption of its payment. The agreement to pay this mortgage was a part of the consideration of the deed, and upon accepting the deed this contractual obligation was imposed. Such conveyances are quite common, and their effect is well defined.

In the case of *Wallace* v. *Hammonds,* 170 Ark. 954, 281 S. W. 902, it was said: "It is well settled in this State that, where a purchaser of mortgaged lands from the mortgagor assumes and agrees to pay the mortgage thereon, he becomes personally liable therefor, which liability inures to the benefit of the mortgagee, who may enforce it in an appropriate action." See also *Felker* v. *Rice,* 110 Ark. 70, 161 S. W. 162; *Walker* v. *Mathis,* 128 Ark. 317, 194 S. W. 702; *Kirby* v. *Young,* 145 Ark. 507, 224 S. W. 970; *Beard* v. *Beard,* 148 Ark. 29, 228 S. W. 734; *Patton* v. *Adkins,* 42 Ark. 197; *Benjamin* v. *Birmingham,* 50 Ark. 433, 8 S. W. 183.

In the case of *McCown* v. *Nicks,* 171 Ark. 260, 284 S. W. 739, 47 A. L. R. 332, the facts were that McCown and others sold a tract of land to Willis, and reserved a vendor's lien to secure balance of unpaid purchase money. Willis conveyed the land to Nicks, the deed reciting that Nicks assumed the payment of the balance of the unpaid purchase money. Nicks made a payment on the purchase money and secured an indulgence of time, when, without completing the payments, he reconveyed to Willis for a consideration, recited in the deed, of $1,000 in cash and

the assumption by Willis of the payment of the unpaid purchase money notes executed by Willis for the purchase of the land.

McCown and the other vendors sued both Willis and Nicks. The latter denied personal liability on the notes, and alleged that, after purchase of the land by Nicks from Willis, he resold the property to Willis, and by such sale was absolved from liability to the plaintiff vendors, and that he was never indebted directly to the plaintiffs for the unpaid purchase money.

The court treated the law as being settled that Nicks was liable to the vendors of his grantor upon his assumption of payment of the balance of unpaid purchase money, but the case was disposed of upon the decision of the question of rescission by a reconveyance of the property by Nicks to his own grantor, whose debt he had assumed as a part of the consideration for the conveyance to himself. It was pointed out in the opinion that there was a contrariety of view as to whether one who sells property, upon which there is an incumbrance, and procures from his grantee, as a consideration or part consideration of the purchase price, a promise to pay off the debt or incumbrance, can afterwards release his grantee from the obligation or liability to pay the debt to the creditor holding the lien. We held, however, that Nicks' right to rescind this obligation to pay Willis' debt existed, provided the right to rescind was exercised before any privity had been established between the lienholder and Nicks. We held that privity had arisen by part payment by Nicks and the procurement of an extension of time for other payments, and in holding Nicks liable for the debt he had assumed we said: ''The doctrine of this court is that the 'acceptance of a deed containing a stipulation whereby the grantee agrees to pay a mortgage on the land implies a promise to perform it; on which promise, in case of failure, assumpsit will lie' '' [citing authorities].

Here there has been no attempt to rescind. Indeed, by his conveyance of the land to Meadors, Cravens has placed it beyond his power to rescind. He has not only conveyed the lots, but he passed on to his grantee the identical obligation as to part of the consideration for the deed from himself which he had assumed in the deed to himself.

The testimony establishes the fact, as the court found, that Hawkins did not tell Cravens that the deed to Cravens recited this obligation. But the fact remains that Hawkins was Cravens' agent. This is true as a matter of law. The deed was delivered to Hawkins for Cravens, and the ratification of this action is conclusively shown by the fact that Cravens has since conveyed the title which he thus acquired. Cravens cannot therefore be heard to say that Hawkins was not his agent in this transaction. He accepted the benefit of the exchange of lands negotiated by Hawkins, and he must therefore also accept the obligation of that contract.

The decree of the court below will therefore be reversed, and the cause will be remanded with directions to enter a decree in accordance with this opinion.

HUMPHREYS, J., (dissenting). The appellant is in no better position than Lyman Real Estate Company, and as against it appellee was entitled to a reformation of the deed to show that it was not intended to assume the payment of the note and mortgage. The testimony meets the rule that deeds may be reformed to show the intention of parties to them. The intention may be shown by clear and decisive proof. Therefore I dissent from the opinion of the majority.