TRENT v. JOHNSON.

Opinion delivered March 7, 1932.

*Karl Greenhaw,* for appellant.

*Ulys A. Lovell,* for appellee.

BUTLER, J. The appellee, as trustee in succession, brought suit against the appellant and a number of other defendants for judgment on a note executed on the 7th

day of June, 1911, and for foreclosure of a mortgage on certain lands in Washington County, to secure payment of the same. The appellant, Trent, demurred to the complaint, and, his demurrer being overruled, filed an answer in which he raised the defense of the statute of limitations and of laches.

The court, sitting as a jury, heard the case upon an agreed statement of facts, overruled the appellant's plea of limitation and laches, entered a decree foreclosing the mortgage, and rendered a personal judgment against the appellant, from which judgment is this appeal.

The facts as agreed upon are as follows:

"1st. That A. L. Trent borrowed the sum of $1,250 on June 7, 1911, from M. F. Croxdale, clerk and trustee, and executed his note therefor due and payable five years after date and bearing eight per cent. interest from date until paid, and, to secure said note, the said A. L. Trent and wife executed and delivered to said payee in said note their certain real estate mortgage upon certain lands in Washington County, Arkansas, sought to be foreclosed herein.

"2d. That the said A. L. Trent sold and conveyed said lands to J. M. Hamilton, who died more than one year before the institution of this suit, said lands having been sold to the said J. M. Hamilton, by warranty deed, December 31, 1913, and in said deed the said J. M. Hamilton assumed and agreed to pay said mortgage indebtedness sued on herein; that thereafter the said J. M. Hamilton sold said lands to Finis L. Trimble, on the 16th day of September, 1914, who assumed and agreed to pay said mortgage indebtedness, and that thereafter said lands changed hands many times, and that the grantees in most of the deeds assumed and agreed to pay said mortgage indebtedness.

"3d. That A. L. Trent had no further connection with said note or mortgage nor said lands after he conveyed the same to Hamilton on December 31, 1913, and that, at the time Trent conveyed said lands, he owed no

delinquent interest. That all interest due and payable on said note and mortgage was kept paid by various owners of said lands from and after the date Trent sold it until and including June 7, 1929. That the interest due June 7, 1930, was unpaid, and that this suit was brought to foreclose after the failure of the interest. payment due on June 7, 1930, for the preceding year.

"4th. That the said A. L. Trent did not make any payment of interest after he sold said lands in 1913, and that he knew nothing whatever about said interest payments, and did not know that said note and mortgage were still running or that said interest payments were being made each year after he sold said lands in 1913.

"5th. That said note became due according to law June 7, 1916, and would have become barred by law as to Trent on June 7, 1921, unless the acts of the various grantees in the various deeds, the owners of said lands, in paying the interest thereon through all these years up to and including June 7, 1929, served to toll the statute of limitations as to A. L. Trent.

"6th. That the first A. L. Trent knew said mortgage and note had not been paid and satisfied was in the year 1930, at or about the time the foreclosure suit was filed herein.

"7th. That said mortgaged lands have depreciated in market value since the year 1921, and would not sell for near as much money now as they would have brought had said mortgage been foreclosed and the land sold prior to June 7, 1921."

The question raised by the appellant's plea of the statute of limitations is whether or not the payments by the grantee will interrupt the running of the statute as to the personal liability of the mortgagor. This question has never before been presented to this court for decision. It may be said, first, that it is well settled that the assumption by a grantee and the agreement by him to pay the mortgage debt does not, within itself, change the relationship of the mortgagor and the mortgagee nor release the mortgagor from payment of the mort-

gage debt, and its collection may be enforced as long as the debt remains unpaid or until barred by limitation or laches.

It is also the settled rule that partial payments will keep alive the lien as between the parties and also as to third parties when the memorandum thereof is indorsed upon the record in the manner provided by the statute. However, the theory on which partial payments keep alive the debt is that these imply a new promise to pay the debt. Consequently, to bind the mortgagor the payments must have been made by him in person or by some one authorized by him to make a new promise in his behalf. *Abbott* v. *Johnson,* 130 Ark. 7, 195 S. W. 676; *Chase* v. *Carney,* 60 Ark. 491, 31 S. W. 43; *Johnson* v. *Spangler,* 176 Ark. 328, 2 S. W. (2d) 1089, 59 A. L. R. 899.

It is the contention of the appellee that by the agreement to pay the mortgage debt the grantee became the agent of the mortgagor, and therefore the payments by him will be imputed in law to be that of his principal, the mortgagor, and these payments be effectual to suspend the statute as if made by the mortgagor himself. He argues that this is the effect of our decision in *Felker* v. *Rice,* 110 Ark. 70, 161 S. W. 162, and in the cases of *Walker* v. *Mathis,* 128 Ark. 317, 194 S. W. 702, and *Farrell* v. *Steward,* 135 Ark. 617, 204 S. W. 423, which approve the doctrine announced in *Felker* v. *Rice, supra.* A critical examination of those cases does not warrant the contention made. In *Felker* v. *Rice, supra,* it was held that the grantee assuming the mortgage "stood in the position of surety for the debt." It is evident from the context that the court merely intended to hold that, not only was the mortgagor primarily liable because of his promise to pay the debt, but by the assumption of the grantee of the mortgage debt and his promise to pay he became also liable personally for its payment, and therefore the mortgagee had, in addition to the security of the mortgage lien and the promise of the mortgagor, the security created by the promise of the grantee; and in those cases

where the court said that the grantee became the surety of the mortgagor the word "surety" was not used in its proper and technical sense, but to mean that the mortgagee, in addition to the liability of the mortgagor, had as a security for the payment of his debt the promise of the grantee to which the law imputes the same force as if made directly to the mortgagee.

This view is strengthened by an examination of the cases of *Kirby* v. *Young,* 145 Ark. 507, 225 S. W. 970; *Wallace* v. *Hammond,* 170 Ark. 952, 281 S. W. 902; *Boone* v. *Trezevant,* 181 Ark. 504, 26 S. W. (2d) 582. Those cases but reiterate the well-settled doctrine in this State that the grantee of mortgaged lands who assumes and agrees to pay the debt secured by the mortgage becomes personally liable to the mortgagor for its payment; and where default is made by' the grantee, the mortgagor, upon paying the debt assumed by his grantee, may recover it from him and be entitled to be subrogated to the rights of the mortgagee in the lien on the property contained in the mortgage.

On the question as to whether an acknowledgment of the continuance of the mortgage debt by partial payments made on it by the grantee of mortgaged premises who has assumed and agreed to pay the debt interrupts the running of the statute of limitations as against the liability of the mortgagor, the authorities are in conflict. The weight of authority, however, is to the effect that no act of a grantee who has assumed a mortgage will toll the statute of limitations as to the mortgagor. 17 R. C. L., p. 916-917; 18 A. L. R., note IIIa, p. 1033; *Fitzgerald* v. *Flannigan,* 155 Iowa 217, 135 N. W. 738, Ann. Cas. 1914C, 1104; *Regan* v. *Williams,* 185 Mo. 620, 84 S. W. 959; Ann. Cases, 1914C, p. 1113, note; *Cottrell* v. *Shepherd,* 86 Wis. 649, 57 N. W. 983, 39 Am. St. Rep. 919. We are of the opinion that the better reason supports the view taken in the authorities above cited. The grantee is personally liable to the mortgagee because of his assumption and agreement to pay the debt se-

cured by the mortgage, the payments are made by the grantee for his own benefit and not as the agent of the grantor, as their liabilities are separate and distinct. *Old Alms-House* v. *Smith*, 52 Conn. 434. Therefore, the grantee cannot, by any act of his, impute to his grantor the effect of his act or subject him to a new liability. Hence we adopt the prevailing view and hold that the trial court erred in overruling the appellant's plea of the statute of limitations. As more than seven years elapsed since the debt became due, we hold that the statute bar attaches. As the grantee was personally liable for the debt secured by the mortgage, his payments of interest interrupted the running of the statute, the debt remained enforceable against him, and therefore the lien remained in existence, and the trial court correctly decreed its foreclosure, but erred in rendering a personal judgment against the appellant.

For these reasons the decree of the trial court rendered against the appellant is reversed, and the cause remanded with directions to dismiss the complaint as to him.