CUNNINGHAM *v.* FEDERAL LAND BANK OF ST. LOUIS.

4-4129

Opinion delivered February 3, 1936.

*Cunningham & Cunningham,* for appellant.

*Guy V. Head, J. R. Crocker* and *L. F. Reeder,* for appellee.

JOHNSON, C. J. On April 3, 1918, appellee, the Federal Land Bank of St. Louis, made a loan to C. M. and Sarah C. Smith of $2,200, payable in equal installments

of $77.50 each, and, to secure the due payments thereof, the Smiths executed a mortgage upon 240 acres of land situated in Lawrence County, Arkansas, the legal description of which is here omitted. Payments were regularly made according to the tenor and effect of the contract up to October, 1931, when payments ceased, and this suit in foreclosure was instituted by appellee in 1934. Sarah C. Smith died intestate in 1932, and left surviving as her sole and only heirs at law her husband, C. M. Smith and Wylie H., Hattie E. and Nancy J., children. C. M. Smith, husband of Sarah C. Smith, died prior to the filing of this foreclosure suit. All heirs at law and assignees of the parties were made parties defendant in the foreclosure action. Appellee, in the foreclosure proceeding, in addition to the usual allegations, alleged; that in 1923 Hattie E. and Wylie J. Smith conveyed to Nancy J. the west one-half of the southwest quarter of section 24, township 15, range 1 west, and that in said deed the grantee expressly assumed and agreed to pay the Federal Land Bank mortgage debt; that Nancy J. and Wylie H. conveyed to Hattie E. the west one-half of the northwest quarter of section 24, township 15, range 1 west, and in said deed the grantee expressly assumed and agreed to pay the Federal Land Bank debt; that Hattie E. and Nancy J. conveyed to Wylie H. the east one-half of the northwest quarter of section 24, township 15, range 1 west, and in said deed the grantee expressly assumed and agreed to pay the Federal Land Bank debt; that in 1928 Hattie E. conveyed the west one-half of the northwest quarter of section 24, township 15, range 1 west to P. S. Cunningham, and in this deed the grantee expressly assumed and agreed to pay the Federal Land Bank debt. All necessary parties were brought before the court by summons or otherwise. P. S. Cunningham filed an answer admitting the execution of the mortgage and note and admitted that default had been made in paying the installments as alleged, but affirmatively set forth that the conveyances between the heirs of the original mortgagors was a mutual partition of the mortgaged lands, and that by purchase he held and possessed the tract as alleged; he further alleged

that the Federal Land Bank judgment should be restricted to a recovery of one-third its debt, and should be declared a lien only against the tract held and owned by him.

The cause was submitted and tried upon stipulation of counsel which established the facts as aforesaid, and in addition thereto that the conveyances between the heirs in 1923 were effected for the purpose of mutual partition, and without other consideration. The stipulation of counsel in reference to appellant's liability is as follows: "That the deed from Hattie E. Pigg and Luther Pigg, her husband, to P. S. Cunningham was a conveyance of the part of said land received by the said Hattie in said division, and the clause in the said deed referring to the mortgage indebtedness assumed and was intended to include only the part of the said indebtedness assumed by Hattie E. Pigg in the division of the lands above referred to." The chancellor entered a decree against appellant for one-third the mortgage debt, accrued interest and delinquent taxes, aggregating $886.99, and against other defendants and owners for the balance of the mortgage debt. It was directed in the decree that the whole tract of land would stand as security for the whole mortgage debt, from which P. S. Cunningham alone appeals.

For a reversal of the decree appellant contends that the Federal Land Bank's suit against him *in personam* upon his assumption in the conveyance of 1928 is an irrevocable election to approve, ratify and confirm the mutual partition between the Smith heirs, and for this reason the chancellor erred in holding his tract of land liable for the whole mortgage debt. No authorities are cited in support of this novel contention, and we have been unable, in our investigation to find authorities supporting it. Fundamentally, it may be said that the Smith heirs could not mutually partition in kind the mortgaged estate, and thereby bind the mortgagee without its consent. Consent is not asserted by appellant save that this suit was an election upon appellee's part to approve and ratify.

Under repeated opinions of this court we have consistently held that a grantee in a deed who expressly assumes and agrees to pay an outstanding mortgage debt against the lands conveyed by accepting such deed binds himself to the mortgagee or his assignees for the debt. This right inures to the mortgagee and his assignees as a matter of law, and no election or other affirmative action upon his part is necessary or required to establish it. See *Pfeifer* v. *W. B. Worthen Co.,* 189 Ark. 469, 74 S. W. (2d) 220, and cases cited therein.

It follows from this that the appellee was not required to and did not make an election in pursuing the remedies sought.

The chancellor decreed that the lands should be offered for sale in separate tracts according to the mutual partition between the heirs, and, if such sale produced the necessary funds, to extinguish the mortgage debt to so report for approval, but that if such sale did not produce sufficient funds to extinguish the mortgage debt that the whole tract should be offered and sold irrespective of the mutual partition between the heirs. This was all to which appellant was entitled under his purchase. *Felker* v. *Rice,* 110 Ark. 70, 161 S. W. 162; *Walker* v. *Mathis,* 128 Ark. 317, 194 S. W. 702; *Wallace* v. *Hammonds,* 170 Ark. 952, 281 S. W. 902; *Elliott* v. *Cravens,* 182 Ark. 893, 33 S. W. (2d) 373.

No error appearing, the decree is in all things affirmed.