HAWKINS *v.* BRADLEY.

Opinion delivered February 4, 1929.

*Wallace Townsend,* for appellant.

*Owens & Ehrman,* for appellee.

HUMPHREYS, J. Appellees brought suit against appellant in the chancery court of Pulaski County to en-

join him from filing a lien for material against the south 47 feet of the north 94 feet of lots 13 and 14, in Newton Addition to the city of Little Rock, Arkansas, valued at $813.60, which he had furnished and which was used in the construction of a residence thereon. It was alleged that appellant had executed a builder's bond in the sum of $2,000 to appellees for the construction of the residence, conditioned that their contractor, M. O. Gardner, should perform all the conditions of the contract and pay all bills for labor and material; and, in addition, had waived the right to file a lien against the property for the value of the materials to be furnished by him.

Appellant filed an answer, admitting the execution of the builder's bond and written waiver to file a lien for material to be furnished by him, but alleged appellees had breached the bond in that, without his knowledge and consent, they had made a material change in the contract for the construction of the house with M. O. Gardner, their contractor, by having the house extended four feet in length, which added materially to the cost of the house, and operated to relieve him as surety on the builder's bond; and further alleged that his waiver of a lien was conditioned upon agreement for him to furnish all material for the construction of the house, which appellees breached by failing to permit him to furnish everything, which operated to relieve him from the waiver. Appellant also filed a cross-complaint, alleging that the balance of $813.60 was due him for materials furnished to construct the residence, and prayed for a lien and foreclosure of same against the property.

Appellees filed a reply, denying that they breached the bond or the conditions in the waiver to a lien, and also denied that appellant was entitled to a lien for materials furnished to construct the residence.

The cause was submitted upon the pleadings and testimony introduced by the parties, from which the court found that appellant was not entitled to a lien because he executed the bond and written waiver of the lien, and dismissed the cross-complaint for want of equity, from which is this appeal.

The facts reflected by the record are in substance as follows: The Bradleys owned the lot, upon which they desired to build a residence suitable to the needs of Mrs. Beauchamp, in contemplation of selling same to her. M. O. Gardner, the contractor, was building a house at the time for Mrs. Dever, in the same neighborhood, which it was thought would suit Mrs. Beauchamp. Appellant was surety on Gardner's builder's bond to Mrs. Dever. He was in the lumber business, and selling material to Gardner for the construction of several houses, and in this way was interested in getting building contracts for Gardner. Gardner had drawn the specifications and rough plan for the Dever house. He was not an architect.

The specifications of the Dever house show that it was 28 feet wide by 42 feet long. The sizes of the rooms are designated on the sketch or plan, but not in the specifications. The dimensions of the rooms were designated on the sketch or plan before the contract to build the Bradley house and the bond were signed. The Dever house was in the course of construction, and was actually 46 feet and 1½ inches long. L. H. Bradley, M. O. Gardner and appellant called on Mrs Beauchamp at her apartment and showed her the Gardner sketch or plan of the Dever house She liked the plans, except the front. She had in mind the front of another house, and she preferred it if it could be applied to the Dever plan. She was assured that it could be. They then took her to see Mrs. Dever's house. It was determined that this change could be made, and the suggested changes in the front were marked on the sketch or plan. The sizes of the rooms were also agreed upon and noted in pencil on the sketch or plan, at Mrs. Beauchamp's apartment, or when they inspected the Dever house. The outside measurements of the Dever house were not mentioned when the parties met at either place. After the changes were made, the plans and specifications of the Dever house were handed to L. H. Bradley by Gardner to use in the preparation of the contract for constructing the

Bradley residence. Bradley added the following statement to the specifications:

"The house is to be in all essential details a duplicate of one being built for A. S. Dever on lot 13, in block 22, Newton Addition, except where differently noted on the plans and specifications."

The Dever plan and specifications, including this statement, were incorporated in the contract which the Bradleys made with Gardner to build their residence. The contract and bond were signed on October 5, 1927, and on the same day appellant executed and delivered the following release for a lien against the building to the Bradleys:

"We agree to furnish everything but labor for the construction of the brick veneer residence to be built by M. O. Gardner and L. H. and Brooks Bradley, on lot adjoining 2108 North Van Buren Street, immediately south, and waive any liens on same when contract made with Gardner is fulfilled.

"Hawkins Lumber Co.
"L. M. Hawkins."

On October 8, three days after the contract and bond for a lien were executed, at Gardner's suggestion, in the absence of appellant, Bradley and Gardner stipulated that the length of the residence should be changed from 42 feet to 44 feet. After the construction of the Bradley residence was begun it was discovered that, in order to construct the rooms of the dimensions designated on the plans, the house would have to be extended in length to about 46½ feet. Gardner thereupon instructed the foreman to extend the length of the house a sufficient distance to build in the rooms according to the dimensions noted on the plan. When extended, the house was 46 feet 5¾ inches long, or 4½ inches longer than the Dever house.

Appellant testified that he did not discover that the length of the Bradley house had been changed until nearly completed. He was at both houses frequently during their construction. The Bradleys paid the full

contract price to Gardner during the construction of the house. The plumbing and wiring were sublet to other parties, and the payment of the plumbing bill was authorized by appellant. Gardner lost money on the job, and did not have enough to pay appellant for all materials furnished by him. Appellant requested the Bradleys to help him get his money out of Gardner. After the completion of the building, appellant and Gardner met in Bradley's office for the purpose of going over the account and settling. At the conclusion of their interview, appellant took notes from Gardner for $1,000, after he failed to get an assignment of an out-of-town contract from him.

Appellant's first contention for a reversal of the decree is that the specifications were conclusive with reference to the length of the house that was to be constructed for the Bradleys. The specifications provided that the outside dimensions of the house should be 28 feet wide by 42 feet long, and, by subsequent stipulation, 44 feet long. It is argued from this premise that a material change was made in the length of the house without appellant's consent, which operated to release him from the undertaking in the bond. This argument would be sound if, as a matter of law, this provision expressed the intention of the parties, although in open conflict with another provision in the specifications and with the dimensions of the rooms designated on the plan. The other provision in the specifications with which this provision conflicted was to the effect that the house should be in all essential details a duplication of the Dever house. It also conflicts with the dimensions of the rooms marked on the sketch or plan, because the undisputed testimony shows that rooms of the dimensions specified could not be built within the length space of either 42 or 44 feet. The rule is that, where a contract contains conflicting provisions, resort must be had to extraneous testimony to ascertain the intention of the parties. According to the weight of the oral testimony, the parties contracted with reference to the dimensions

of the rooms noted on the plan for the Dever house and with reference to the Dever house in all essential details. In negotiating, the dimensions of the rooms were fixed, but nothing was said at all about the outside dimensions of the house. It is apparent that the outside measurements of 28 feet by 42 feet were inserted in the contract through error by copying the measurements from the Dever specification without giving the matter a thought. If this provision in the contract is stricken out (and it should be because erroneously included), the conflict between the provisions in the specifications and plan will be eliminated, and will reflect the intent of the parties according to the weight of the oral testimony. There is little or no difference in the length of the two houses as built. The Bradley house is only 4½ inches longer than the Dever house. As there was no material change after the contract and bond were executed, the immaterial change will not operate to release appellant from his obligations under the bond.

Under this interpretation of the contract it is unnecessary to discuss the next contention of appellant for a reversal of the decree, to the effect that he has a right to file a lien for his claim against the property because the condition of the waiver was broken in failing to allow him to furnish all the material for the building. The purpose of the bond was to protect the house from liens for material furnished, and appellant, being the surety in the bond, is bound according to its purpose. Under the terms of the bond it was and is his duty to pay for all the material used in the construction of the house.

Appellant's last contention for a reversal of the decree is that the court overruled his motion to reopen the case to enable him to show definitely that the construction of the Dever house had not progressed sufficiently, at the time the contract and bond for the Bradley house were signed, to determine the length space of the Dever house as a basis for the length space of the Bradley house. The motion was not filed until after the adjournment of the term at which the decree was entered. The motion

did not contain the necessary allegations to reopen the case after the adjournment of the term. Section 6290, Crawford & Moses' Digest. The motion fails to set up sufficient facts to reopen the case upon a bill of review under the chancery practice. *Felker* v. *Rice,* 110 Ark. 70, 161 S. W. 162.

No error appearing, the decree is affirmed.